# McIntosh *v.* The State.

*Prosecution for Obtaining Money under Fraudulent Promise for Performance of Service.*

1. *Obtaining money or property under fraudulent promise for performance of service; constituents of offense.*—To constitute the criminal offense of obtaining money or other personal property from an employer under fraudulent promises for the performance of services, as condemned by statute (Cr. Code of 1886, § 3812; Cr. Code of 1896, §4730), the following facts must be shown: (1) A contract in writing by the accused for the performance of any act or service; (2) an intent on the part of the accused when he entered into the contract to injure or defraud his employer; (3) the obtaining by the accused of money of other personal property from such employer by means of such contract entered into with such intent; and, (4) the refusal by the accused, with like intent, and without just cause and without refunding such money or paying for such property, to perform the act or service contracted to be performed.

2. *Same; when offense not shown to exist.*—The refunding of money or the restoring of other property with which the employer, by reason of a contract entered into, was induced to part, takes away one of the ingredients of the criminal offense of obtaining money or property under a fraudulent promise for the performance of service, as condemned by statute (Cr. Code of 1886, § 3812; Cr. Code of 1896, § 4730); and where, in a prosecution for the said statutory offense, it is shown that the defendant entered into a contract in writing for a term of twelve months, for which the defendant was to be paid nine dollars per month; that at the time of entering into the contract his employer advanced to the defendant the sum of twenty dollars; and that after having worked under said contract for a period of seven months, the defendant, without his employer's consent, abandoned the service, the statutory offense is not proven; since the employer had the right to retain the wages until the money he had advanced was refunded, and the rendition of service by the defendant for a period more than sufficient to have repaid the money advanced to him, took away an essential ingredient of the offense.

[McIntosh v. The State.]

APPEAL from the County Court of Wilcox.

Tried before the Hon. JAMES T. BECK.

The prosecution in this case was commenced by the making of a complaint before, and the issuance of a warrant by, a justice of the peace against the appellant, Alexander McIntosh, charging that with the intent to injure or defraud his employer, he entered into a contract in writing, for the performance of services, and thereby obtained twenty dollars from such employer, and with like intent and without just cause, and without refunding such money, refused to perform such services, in violation of section 3812 of the Code of 1886, (Code of 1896, § 4730). The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charge : "The court charges the jury that if they believe from the evidence that Alexander McIntosh performed enough labor, at the rate of nine dollars per month, to pay the twenty dollars charged in the indictment, then, in that event, they must acquit the defendant." The court refused to give this charge, and the defendant duly excepted. From a judgment of conviction the defendant prosecutes the present appeal.

THOMAS W. DAVIS and MILLER & BONNER, for appellant, cited *Ex parte Riley*, 94 Ala. 82 ; *Dorsey v. State*, 111 Ala. 40 ; *Tennyson v. State*, 97 Ala. 78.

WILLIAM C. FITTS, Attorney-General, for the State.

BRICKELL, C. J.—The accusation against the defendant was founded on an alleged violation of the statute (Code of 1886, § 3812 ; Code of 1896, § 4730), directed against frauds practiced on employers by servants or employés, obtaining money or other personal property from the employer, upon a contract in writing for the rendition of service. In *Ex parte Riley*, 94 Ala. 82, it was said by WALKER, J., in exposition of the statute : "The effect of this statute is to provide for the punishment criminally of a certain class of frauds which are perpetrated by means of promises not meant to be kept." And further it was said : "The ingredients of this statutory offense are : (1) A contract in writing

by the accused for the performance of any act or service; (2) an intent on the part of the accused, when he entered into the contract, to injure or defraud his employer; (3) the obtaining by the accused of money or other personal property from such employer by means of such contract entered into with such intent; and (4) the refusal by the accused, with like intent, and without just cause, and without refunding such money, or paying for such property, to perform such act or service. This statute by no means provides that a person who has entered into a written contract for the performance of services, under which he has obtained money or other personal property, is punishable as if he had stolen such money or other personal property, upon his refusal to perform the contract, without refunding the money or paying for the property. A mere breach of a contract is not by the statute made a crime. The criminal feature of the transaction is wanting unless the accused entered into the contract with intent to injure or defraud his employer, and unless his refusal to perform was with like intent and without just cause."

In the present case, the only witness examined to show the criminating constituents of the offense, was the employer and prosecutor, who testified that the defendant in November, 1896, entered into a contract in writing to work for him as a farm laborer for the term of twelve months; and for his services he promised to pay defendant nine dollars per month. At the time of entering into the contract he advanced the defendant the sum of twenty dollars, and the defendant worked for him under the contract for a period of seven months, when, without his consent, he abandoned the service. Under the contract, on the expiration of each month, the defendant became entitled to receive the monthly instalment of the wages the employer had contracted to pay, and the right of action for the recovery of each instalment was perfect.—*Davis v. Preston*, 6 Ala. 83; *Fowler v. Armour*, 24 Ala. 194. In view of the relation of the parties, the employer had the right to retain the wages until the money he had advanced was refunded. Refunding the money, or restoring other property, with which the employer, by reason of the contract was induced to part, is a principal purpose, the statute is intended to enforce. When the money is refunded, or

[Rufus v. The State.]

the property restored, the employer is saved from injury or loss, and subsequent breaches of the contract must be redressed by the pursuit of civil remedies. The rendition of service by the defendant for a period more than sufficient to have repaid the money advanced to him, takes away an essential ingredient of the offense. The county court erred in the refusal of the instruction requested by the defendant.

The judgment is reversed and the cause remanded. The defendant will remain in custody until discharged by due course of law.

Reversed and remanded.