# The State *v.* Thomas.

## *False Pretense.*

[DECIDED FEB. 8, 1906, 40 So. REP. 271.]

1. *Constitutional Law; Department of Government; Enroachment of Judiciary; Giving Effect to Evidence.*—The act amending § 4730 of Code, (Acts 1903, p. 345) providing that the failure or refusal of any person, who had entered into a contract for service, and obtained any money etc. to perform such service or refund such money etc. without just cause, such failure shall be *prima facie* evidence of an intent to defraud, is not unconstitutional, as an invasion by the legislature of the Judicial department of the State.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

The indictment charged that Jim Thomas, with intent to injure or defraud his employee, T. L. McCullough, entered into a contract in writing for the performance of service as a farm laborer, and thereby obtained the sum of seven dollars from said T. L. McCullough, and with li like intent and without just cause, and without refunding said money refused to perform said services as a farm laborer, etc.

The evidence tendered to show that Jim Thomas received the sum of seven dollars, and without repaying it quit the service of his employer. The written contract of service was introduced in evidence, and upon the conclusion of the testimony the court instructed the jury that so much of the acts of the Legislature (Acts 1903 p. 345) as amended the Code of 1896 § 4730, reading as follows;—"And the refusal or failure of any person who enters into any such contract to perform such act or service or refund such money or pay for such property with-

out just cause shall be prima facie evidence of the intent.
to injure or defraud his employer," was unconstitutional
and void. The Solicitor then requested the court in
writing to give the following charge, which was refused
by the court.

Charge 1. The court charges the jury that the refusal
or failure of the defendant to perform the service alleged
in the indictment, or to refund the money obtained from
T. L. McCullough under the contract between him and
the defendant and the failure or refusal of the defendant
to pay for the property obtatined under said contract
makes out a prima facie case of the defendant's intent
to injure or defraud said T. L. McCullough.

There was a jury and verdict of not guilty, and the
State brings this appeal.

S. H. DENT, JR., Solicitor for Montgomery City Court,
for the State; insisted, that the act was constitutional;
That the principle is of universal recognition that the
legislature has absolute power to fix a prima facie
rule of evidence in any case, whether criminal or
civil, or to declare what is in effect, the same thing, the
prima facie presumption to be indulged from any given
state of facts. All courts of last resort hold to this doc-
trine, with the possible exception of Rhode Island.—8
Cyc. of Law & Procedure, p. 820; and authorities cited;
*Fong Tue Ting v. United States,* 149 U. S. 698; *Penn-
sylvania Company v. McCann,* 53 Ohio State, 127, 31 L.
R. A. 651; *Meadowcroft v. People,* 163 Ill. 56, 35 L. R.
A. 176; *Indiana v. Beach* (Ind.) 36 L. R. A. 179; 2 Wig-
more on Evidence, § 1354, Sub-div. 3, on bottom of pages
1670-1671, with notes which refer to a number of cases
illustrating the rule; *Robertson v. People,* 20 Col. 279;
*State v. Buck.* 120 Mo. 179; *Morgan v. State,* 117 Ind.
569.

As holdir~ the contrary rule he cites *State v. Beswick,*
13 R. I. 211, but insists that this rule has been doubted
even in that state by the later opinions in the cases of
*State v. Higgins,* 13 R. I. 330; *State v. Wilson,* 15 R. I.
180.

No counsel marked as appearing for appellee.

[The State v. Thomas.]

HARALSON, J.—Section 4730 of the Criminal Code provides, that "Any person, who with intent to injure or defraud his employer, enters into a contract in writing for the performance of any act or service, and thereby obtains money or other personal property from such employer, and, with like intent, and without just cause, and without refunding such money, or paying for such property, refuses to perform such act or service, must, on conviction, be punished as if he had stolen it." This section has been amended by adding at the end of it, the following provision, "And the refusal or failure of any person, who enters into such a contract, to perform such act or service, or refund such money or pay for such property, without just cause, shall be *prima facie* evidence of the intent to injure or defraud his employer. "Acts 1903 p. 345. The defendant was indicted under this section as amended.

The indictment charges that defendant with intent to injure or defraud his employer, T. L. McCullough, entered into a contract in writing for the performance of service as a farm laborer, and thereby obtained the sum of seven dollars from said T. L. McCullough, and with like intent and without just cause therefor, and without refunding said money, refused to perform said service as a farm laborer against the peace and dignity, etc." There was evidence tending to show that defendant was guilty as charged in the indictment.

The bill of exceptions recites, that, after the evidence was all in, the court instructed the jury that so much of the act of the Legislature of 1903, amendatory of section 4730 of the Code of 1896, (setting the same out as above) was unconstitutional and void. The State, by its solicitor, excepted to such ruling, and under section 4315 of the Code, appeals to reverse the same. The solicitor, to raise the same question in a different form, requested a charge, "that the refusal or failure of defendant to perform the services alleged in the indictment, or to refund the money obtained from the employer under the contract between him and defendant, and the failure or refusal of the defendant to pay for the property obtained under said contract, makes out a *prima facie* case of defendant's intent to injure or defraud said McCullough," which charge the court refused.

The amendment of section 4730, which section simply declares the intent, declares a *prima facie* rule of evidence in such cases. In 8 Cyc. 820, it is said, "The legislature has the power to give greater effect to evidence than it possesses at common law, and in both civil and criminal proceedings, it may declare what shall be *prima facie evidence*. On the other hand, it cannot prescribe ·what shall be conclusive evidence, as this would be an invasion of the province of the judiciary." This seems to be a rule of well nigh, if not of universal recognition.

The case of *State v. Beach*, 147 Ind. 74; S. C. 36 L. R. A. 179, was one where a statute made it *prima facie* evidence of a banker's intent to defraud in receiving a deposit, if his failure, suspension or involuntary liquidation occurs within thirty days thereof. In construing that statute, the constitutionality of which was questioned, the court said, "We think it clear that the legislature has the power to prescribe rules of evidence and methods of proof. A law which would in effect exclude the evidence of a party, and thereby deny him the right to be heard, would deprive him of due process of law. A law which provides that certain facts are conclusive proof of guilt would be unconstitutional, as would one which makes an act *prima facie* evidence of crime, which has no relation to a criminal act, and no tendency whatever to establish a criminal act. If, however, the legislature in prescribing the rules of evidence in any class of cases, leaves a party a fair opportunity to establish his case of defense, and give in evidence to the court or jury all the facts legitimately bearing on the issues in the cause to be considered and weighed by the tribunal trying the same, such acts of the legislature are not unconstitutional. It has been repeatedly held that the legislature has the right to declare what shall be presumptive or *prima facie* evidence of any fact." Many cases are cited sustaining the text from Missouri, New York, Massachusetts, Maine, Wisconsin, Iowa, Michigan, Illinois, California and also 2 Rice on Evidence, Wharton's Crim. Ev. and Black on Intox. Liq.

In an elaborate opinion by the Supreme Court of Illinois, construing a like statute to the one in Indiana, that court takes the same view of the law as did the Indiana

[The State v. Thomas.]

court, in the case above cited.—*Meadowcroft v. People,* 163 Ill. 56, 67.

The Supreme Court of the United States, in a case where the same question was considered, holds that such a rule is within the acknowledged power of every legislature to prescribe the evidence which shall be received, and the effect of that evidence in the courts of its own creation.—*Fong v. U. S.,* 149 U. S. 729.

If more were needed it may be found in 2 Wigmore on Ev. Sec. 1364 pp. 1670, 1672.

Our attention has been called to but one case, that of *Beswick v. People,* 13 R. I. 211, which apparently announces a rule in conflict with the authorities referred to. But, as said by the Supreme Court of Illinois in *Meadowcroft v. People, supra,* it seems to be against the weight of authority.

We are, therefore, led to conclude that the court below erred in holding said amendatory act to be unconstitutional, and in not giving the charge requested by the state.

Reversed and remanded.

DOWDELL, ANDERSON and DENSON, JJ., concurring.