# The State *v.* Vann.

## *False Pretense.*

(Decided March 2, 1907.   43 So. Rep. 357.)

*Constitutional Law; Personal Rights; Imprisonment for Debt.*—The act (Gen. Acts, 1903, p. 354) amendatory of section 4730, Code 1896, is not unconstitutional as being repugnant to section 20, Bill of Rights, Constitution 1901, against imprisonment for debt.

APPEAL from Talladega City Court.
Heard before the Hon. G. K. MILLER.

Eskey Vann was indicted for obtaining money from his employer with intent to injure or defraud him by refusing to perform labor under a contract to pay such amount in labor.   From an order dismissing the indictment on demurrer, the state appeals.   Reversed.

The indictment in this case was in the following language (after the usual formalities) : "Eskey Vann, with intent to injure or defraud Ed Hodge, his employer, did enter into a contract in writing with the said Ed Hodge for the performance of an act of service, to-wit, to work as a farm laborer, and thereby did obtain $11 from his said employer, the said Ed Hodge, and with like intent, and without just cause, and without refunding said eleven dollars, refuses or fails to perform said act of service, to-wit, to work as a farm laborer, against the peace and dignity of the state of Alabama."   The defendant interposed the following demurrers: "(1) Said indictment avers that the defendant refuses or fails to perform said act of service, to-wit, to work as a farm laborer, and such averment is in the alternative, and avers that that the defendant refuses to perform such labor or that he fails to perform such labor, and avers neither.   (2) Said indictment avers that the defendant fails to perform said act of service, and such alleged failure to perform said act of service is no criminal offense.   (3) The indictment fails to set out such con-

[The State v. Vann.]

tract, or to show its date, or how long it was to continue,
or to aver any fact which shows it to be a valid contract.
(4) The indictment fails to aver when or during what
time the defendant was to perform such act of service
and to work as a farm laborer. (5) The act under which
said indictment was found is unconstitutional and void,
in that its purpose was for the collection of debt, and a
refunding or repayment of money or property so ob-
tained with the alleged intent to defraud is a complete
defense to the alleged charge. (6) For that under the
statute under which said indictment is found the repay-
ment of the money or paying for such property so ob-
tained by means of such contract is a complete destruc-
tion of any criminal intent to defraud upon entering
into such contract, and thereby shows that the purpose
of such statute is to compel the payment of debt. (7)
For that the purpose of the act under which the said
indictment is found is to compel the payment of debt,
and is indirectly imprisonment for debt. (8) The stat-
ute under which said indictment is found is unconstitu-
tional and void." The trial court held the demurrers
well taken, and declared the statute unconstitutional
and void, and from this judgment the state prosecutes
the appeal.

ALEXANDER M. GARBER, Attorney-General, for State.—
Indictments found under the original statutes were be-
fore the court in the following cases: *Ex parte Riley,*
94 Ala. 82; *Dorsey v. The State,* 111 Ala. 40; *McIntosh
v. The State,* 117 Ala. 128; *Gill v. The State,* 124 Ala.
73. A very similar statute was considered by the court
and upheld against constitutional attack in the case of
*Tarpley v. The State,* 79 Ala. 271.

WHITSON & HARRISON, for appellee.—We make no war
on the conclusions reached by this court in the case of
*State v. Thomas,* 144 Ala. 77. The points there decided
do not enter into this case. The statute in effect per-
mits imprisonment for debt, and any law which seeks
by evasion or indirection to accomplish unconstitutional
ends is null and void.—*Ex parte Hardy,* 68 Ala. 303;

[The State v. Vann.]

*Carr v. The State,* 106 Ala. 35; *State v. Brewer,* 37 Am. St. Rep. 758 and note. Where such is the purpose of the statute and where the accused, can at any stage of the crime, absolve himself from criminality by refunding the money obtained or paying for the property so obtained, the statute is unconstitutional.—*Carr v. The State, supra; State v. Brewer, supra; State v. Paint Rock C. & C. Co.,* 36 Am. St.Rep. 69; *Ex pare Russellville,* 95 Ala. 19.

ANDERSON, J.—The only question presented by this appeal involves the constitutionality of section 4730 of the Code of 1896, as amended by Gen. Acts 1903, p. 345, which reads as follows: "Any person, who with intent to injure or defraud his employer, enters into a contract in writing for the performance of any act of service, and thereby obtains money or other personal property from such employer, and with like intent, and without just cause, and without refunding such money, or paying for such property, refuses or fails to perform such act or service, must on conviction be punished as if he had stolen it. And the refusal or failure of any person, who enters into such contract, to perform such act or service, or refund such money, or pay for such property, without just cause, shall be prima facie evidence of the intent to injure or defraud his mployer." The amendment is a mere rule of evidence, and has been upheld by this court in the case of *State v. Thomas,* 144 Ala 77, 40 South. 271, 2 L. R. A. (N. S.) 1011, the soundness of which is not challenged by counsel. We are therefore called upon to determine whether or not the statute, independent of the amendment, is repugnant to section 20 of the Bill of Rights, to-wit, "That no person shall be imprisoned for debt." Under the former construction of the statute by this court, while the essence of the crime is a fraudulent intent, the statute is intended to prevent fraud, and not to imprison for debt. "The ingredients of the offense are: (1) A contract in writing by the accused for the performance of any act or service; (2) an intent on the part of the accused, when he entered into the contract, to injure or defraud his employer; (3) the obtaining by the accused of money or other personal

property from such employer by means of such contract entered into with such intent; and (4) the refusal by the accused, with like intent, and without just cause, and without refunding such money, or paying for such property, to perform such act or service." A mere breach of a contract is not by statute made a crime. The criminal feature of the transaction is wanting, unless the accused entered into the contract with intent to injure or defraud his employer, and unless his refusal to perform was with like intent and without just cause." *McIntosh v. State,* 117 Ala. 128, 23 South. 668; *Riley's Case,* 94 Ala. 82, 10 South. 528.

It is insisted that the statute is obnoxious, because of the fact that the offense is dependent upon a failure by the accused to refund the money or pay for the property obtained, and thereby evinces an intent to punish for debt, and not for fraud. It is true that this fact must be averred and proved; but this is merely beneficial to the accused, and not a condition of which he can complain. While the statute purges the offense if the money is repaid, it does not convert the intent on the part of the Legislature into seeking imprisonment for debt, rather than preventing and punishing fraud. The statute could be a valid one for the punishment of fraud with this requirement or proviso omitted. Therefore, if our lawmakers require the state to go further in order to make out an offense, this is only beneficial to the accused, and does not render the statute unconstitutional. He cannot be convicted without the fraudulent intent, whether he does or does not repay the money. The gist of the crime is to fraudulently get the money or property of another, and the statute merely condones the offense by permitting the defendant to repay or refund, and requires the state to negative this fact.

The judge of the city court erred in sustaining the demurrer to the indictment, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.