# Bailey *v.* The State.

## *Habeas Corpus.*

(Decided June 30th, 1908. Rehearing denied Feb. 5th. 1909.
48 South. 498.)

1. *Constitutional Law; Freedom of Contract; Intention to Defraud.*
—The constitutional guaranty of right to contract is not violated by
the Legislature making it criminal to enter into a written contract
with the intention to defraud.

2. *Same; Personal Rights; Imprisonment for Debt.*—Séction 4730,
Code 1896, as amended by Gen. Acts 1903, p. 345, and by Gen. Acts
1907, p. 636, is not repugnant to the Bill of Rights, Section 20 Con-
stitution 1901, making it unlawful to imprison for debt.

3. *Same; Encroaching on Judicial by Legislative Department.*—The
fact that the amendment to section 4370, Code 1896, as made in Gen-
eral Acts 1903, p. 345 and General Acts 1907, p. 633, provides that
the act of the employee in failing to refund the money so received
or the refusal to perform the services stipulated for, shall be prima
facie evidence of the intent to defraud, does not render the same
unconstitutional as an invasion by the legislative on the judicial de-
partment of government.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

Application by Alonzo Bailey for discharge from im-
prisonment by writ of habeas corpus. From an order
refusing his discharge he appeals. Affirmed.

TROY, WATTS & LETCHER, for appellant. Section 4730,
Code 1896, as amended is violative of the fourteenth
amendment of the constitution of the United States, and
therefore inoperative and void. The rule of evidence
obtaining in Alabama prevents a person from testify-
ing as to his uncommunicated motives, purposes and
intent, so the defendant was not permitted the opportu-
nity of showing that he entered into the contract in good
faith, and that he rescinded it for reasons other than
those constituting a crime.—*McCormick v. Joseph,* 77

Ala. 236; *Holmes v. The State,* 136 Ala. 80; *Johnson v. The State,* 102 Ala. 1; *Brown v. The State,* 79 Ala. 51; *Harrison v. The State,* 78 Ala. 5; *Alexander v. Alexander,* 71 Ala. 295; *Burns v. Campbell,* 71 Ala. 271; *Burke v. The State,* 71 Ala. 377; *Wheeless v. Rhodes,* 70 Ala. 419. So the defendant was unable to make evidence for himself.—*Harkness v. The State,* 129 Ala. 71. The defendant then was deprived of due process of law. It is conceded by the weight of authority, that if the legislature prescribed what is conclusive evidence or *if it takes away from a defendant the fair opportunity to establish his case of defense, the act of the legislature is contrary to that part of the Fourteenth Amendment of the Constitution of the United States which insures "due process of law,"* and is therefore unconstitutional and void. —*Harvey v. Elliott,* 167 U. S. 409; *Ex parte Well,* 107 U. S. 289; *Gaplin v. Page,* 85 U. S. 350; *Darthmouth College v. Woodward,* 4 Wheaton 518. The legislature cannot under the guise of enacting a *prima facie* rule of evidence, fix a *conclusive* one. It is unimportant that the legislature calls such a rule *prima facie.* If it operates as a *conclusive* rule it is as baneful in its effect as if it was so called. In either event, it is contrary to the constitutional guaranty of "due process of law." That the statute in question is offensive to this provision of the constitution cannot be doubted.—*Wright v. Cradlebaugh,* 3 L. Ed. 341; *Hubey v. Riley,* 53 Pa. 112; *Clerk v. Mitchell,* 64 Mo. 564. The legislature further denied "due process of law" when it amended said statute so as to authorize the court to convict of fraud on no other evidence than that, of the execution of a contract, the failure to return the consideration therefor, in case of its breach or the failure to perform the services provided for in the said contract. The refusal or failure of plaintiff in error to perform such service or to return such

consideration gave rise only to a civil action. He was denied "due process of law" by being burdened with *prima facie* evidence of an intent to injure or defraud his employer since the above facts have no relation to nor any tendency to prove a crime.—*State v. Beach,* 147 Ind. 74; *Meadowcraft v. People,* 163 Ill. 56; *People v. Cannon,* 139 N. Y. 431; *Commissioners v. Merchants,* 103 N. Y. 148; Wigmore on evidence, Note 6, Sec. 1364.

The said amendment statute further denies "due process of law," in that, there is an attempted substitution of the judicial department of the State government for the legislature. To raise a *prima facie* case (which almost invariably establishes the guilt and without which the plaintiff in error could not have been held) it must be shown that the defendant refused or failed to perform the contract "without just cause." What constitutes "just cause?" The legislature, contrary to its duty, has not defined it. No attorney can advise what constitutes it. No man can tell whether or not he is within the limits of the law, as different juries might reach different conclusions under the same state of facts. Whether or not one should be burdened with a *prima facie* case depends upon the view reached by the jury, which depends upon elements which no man, with certainty, can foresee. There is no criterion laid down by the statute by which one can regulate his actions so as to know that he is abiding by the law.—*United States v. Reese,* 92 U. S. 214; *James v. Bowman,* 190 U. S. 127; *C. & N. W. Ry. Co. v. Dey,* 35 Fed. 866; *Tozer v. U. S.,* 52 Fed. 917; *L. X N. R. R. Co. v. Commonwealth,* 35 S. W. 129. The statute is repugnant to the fourteenth amendment for it denies to the defendant the equal protection of the law.—*G. S. & S. F. Ry. Co. v. Ellis,* 165 U. S. 150; *Ex parte Hullman,* 60 S. E. 20; *Peonage Cases,* 123 Fed. 671; *Ex parte Brayton,* 153 Fed. 986;

*State v. Williams*, 32 S. C. 123; *In re Stockton Laundry Co cases*, 26 Fed. 611; *In re Sam*, 31 Fed 681; *Harris v. The State*, 47 South. 341; *Carr v. The State*, 106 Ala. 35.

Alexander M. Garber, Attorney General and Thos. W. Martin, Assistant Attorney General, for the State. Appeal from the decission of the Supreme Court of Alabama, in the case at bar. The Alabama court, in this case as well as others, has held the act valid as to every question raised on the present appeal.—*Bailey v. State of Ala.*, (Case at bar); *State v. Vann*, 43 So. (Ala.) 357; *Thomas v. State*, 144 Ala. 77; *McIntosh v. State*, 117 Ala. 128; *Ex parte Riley*, 94 Ala. 82. What is due process of law as applicable to the case at bar? The following cases are cited as conclusive of that proposition.— *Dent v. West Virginia*, 129 U. S. 128; *Leeper v. Texas*, 139 U. S. 462. We think it may be stated as a general proposition of law that right of the legislature to establish a prima facie rule of evidence in criminal cases has been recognized by every court, state and federal, in which the question has been presented, and among such cases we cite the following:—*Li Sing v. United States*, 180 U. S. 485, L. 634; *Adams v. N. Y.*, 192 U. S. 585, 48 L. 515; *Ah How v. United States*, 193 U. S. 65, 48 L. 619; *Fang v. United States*, 149 U. S. 697, 729, 37 L. 905, 918; *Commonwealth v. Williams*, 6 Gray (Mass.) 1; *State v. Beach*, 147 Ind. 74; *State v. Buck*, 120 Mo. 479, 25 S. W. 573; *State v. Kingsley*, 108 Mo. 139, 18 S. W. 994; *Meadowcroft v. People*, 163 Ill 56; *Barker v. State*, 54 Wis. 368; *Robertson v. People*, 20 Colo. 279; *Voght v. State*, 124 Ind. 358; *People v. Cannon*, 139 N. Y. 32; *Board of Commissioners v. Merchant*, 105 N. Y. 148. The validity of this provision of the statute has been considered and upheld in three differ-

ent cases by the Supreme Court of Alabama. :—*Bailey* v. *State*, (at bar ) ; *State v. Vann*, 43 South. (Ala.) 357 ; *State v. Thomas*, 144 Ala. 77. The act is not a denial or an attempted denial of equal protection, of the Laws.—*Moore v. Missouri*, 159 U. S. 673 ; *Clark v. Kansas City*, 176 U. S. 144 ; *Magoun v. Ill. Trust & Sav. Bank*, 170 U. S. 282 ; *Mobile County v. Kimball*, 102 U. S. 704 ; *Dreyer v. Pease*, 88 Fed. 978 ; *Soon Hing v. Crowley*, 113 U. S. 703 ; *Tinsley v. Anderson*, 171 U. S. 101 ; *Ex parte King*, 102 Ala. 182.

(These briefs were filed in the U. S., Supreme Court on the appeal of this case to that tribunal, and are used here in the absence of other briefs. Reporter.)

DENSON, J.—Alonzo Bailey, after a preliminary trial had before B. C. Young, a justice of the peace in Montgomery county, on a charge made against him for obtaining $15 under a contract in writing, with intent to injure or defraud his employer, was regularly committed for said offense to the custody of the sheriff of said county, for detention until he should be legally discharged. He was received into custody by the sheriff, and by him imprisoned in the county jail on the 6th day of April, 1908. On the 14th day of April Bailey applied to the Hon. William H. Thomas, associate judge of the city court of Montgomery, for his discharge by the writ of habeas corpus. On the hearing the judge fixed bail at $150, but refused to discharge the petitioner absolutely. From the order refusing his discharge the applicant comes here by appeal.

The law under which the applicant was charged with crime, and under which the commitment was made, is an act entitled "An act, to amend an act entitled an act to amend section 4730 of the Criminal Code of 1896 approved October 1, 1903."—Gen. Acts 1907, p. 636

[Bailey v. The State.]

The statute, in its form as section 4730 of the Code of 1896, came before this court for construction in the case of *Ex parte Riley,* 94 Ala. 82, 10 South. 528, and there it was clearly pointed out that a mere breach of contract is not by the statute made a crime, but that the criminal feature of the statute consists in the entering into a contract with the intent to injure or defraud the employer, and the refusal of the employe to perform the contract, with a like intent.—*Dorsey's Case,* 111 Ala. 40, 20 South. 629; *McIntosh's Case,* 117 Ala. 128, 23 South. 668. In neither of the cases cited was the constitution ality of the statute presented for consideration; but in the case of *State v. Vann,* 150 Ala. 66, 43 South. 357, the constitutionality of the statute, as section 4730 of the Code of 1896, was presented for determination, and it was there insisted that the statute was obnoxious to the twentieth section of the Bill of Rights of 1901, which is in this language: "That no person shall be imprison ed for debt." The insistence was overturned, and the statute was held not to be unconstitutional, the court, as the basis of the ruling, again pointing out the fact that "a mere breach of contract is not by the statute made a crime," but that the criminal feature consists in the intent to injure or defraud. This intent to injure or defraud marks the line of cleavage between the stat ute in judgment and the one approved March 1, 1901 (Acts 1900-01, p. 1208), which made it a misdemeanor for any person, who had contracted in writing to labor for or serve another for any given time, etc., and who, before the expiration of such contract, and without the consent of the other party, and without sufficient excuse (to be judged by the court), shall leave such other party, etc. This last statute was by Judge Jones of the feder al court held to be obnoxious to the state Constitution (Peonage Cases [D. C.] 123 Fed. 671) ; and was by this

court held to be unconstitutional in *Toney's Case*, 141 Ala. 120, 37 South. 332, 67 L. R. A. 286, 109 Am. St. Rep. 23, because of the restrictions it attempts to place on the right to make contracts. These two cases are now urged as authority in support of the insistence of appellant that the statute under consideration is violative of the Constitution, and we are asked to overrule the *Vann Case, supra.* While it is clear that a mere breach of contract cannot be made the foundation for a criminal offense, and that undue restrictions cannot be placed on the right of an individual to enter into contracts, yet when the individual enters into a contract, with the intention to perpetrate a fraud, it is equally obvious that he passes over the constitutional boundary line in respect to the free right to contract; and it is within legislative competency to enact a law penalizing the entering into a contract with such intent, and obtaining money or other personal property through such agency. This is all that is effectuated by the legislation in question. On its face the purpose is to punish fraudulent practices, not the mere failure to pay a debt. Thus considered, it is constitutional. Without further extension of the argument we not only decline to depart from the ruling made in *Vann's Case*, on this subject, but reaffirm it.—*Banks v. State*, 124 Ga. 15, 52 S. E. 74, 2 L. R. A. (N. S.) 1007.

In *Ex parte Riley*, 94 Ala. 82, 83, 10 South. 528, 529, it was said: "As the intent is the design, purpose, resolve, or determination in the mind of the accused, it can rarely be proved by direct evidence, but must be ascertained by means of inferences from the facts and circumstances developed by the proof. In the absence, however, of evidence from which such inferences may be drawn, the jury are not justified in indulging in mere unsupported conjectures, speculations, or suspi-

[Bailey v. The State.]

cions as to the intentions which were not disclosed by any visible or tangible act, expression, or circumstances." It is no doubt true that the difficulty in proving the intent, made patent by that decision, suggested the amendment of 1903 (Gen. Acts 1903, p. 345) to the statute, which provides that the refusal or failure of a person who enters into such contract to perform such act or service, or refund such money, or pay for such property, without just cause, shall be prima facie evidence of the intent to injure or defraud his employer. This amendment has twice been declared by this court to be a constitutional enactment.—*Thomas' Case*, 144 Ala. 77, 40 South. 271, 2 L. R. A. (N. S.) 1011, 113 Am. St. Rep. 17; *Vann's Case*, 150 Ala. 66, 43 South. 357. However, these cases are here assailed, and the conclusions reached therein are vigorously combated in brief of appellant's counsel. A re-examination of those cases, together with the consideration of others, has not only not shaken our faith in the correctness of the conclusion there reached, but confirmed it, and we decline to recede therefrom.—*Banks v. State*, 124 Ga. 15, 52 S. E. 74, 2 L. R. A. ( N.S.) 1007.

We have discussed all questions presented by the record, and conclude that there is no error shown.

The order appealed from is affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.