(96 South. 233)

### Ex parte THOMAS.

### THOMAS v. AMERICAN CAST IRON PIPE CO.

### (6 Div. 810.)

(Supreme Court of Alabama. April 19, 1923.)

**1. Master and servant ⊸388—Wife held not entitled to compensation for death of husband, not "in any way" contributing to her support; "dependent."**

The concluding provision of the Workmen's Compensation Act, § 14, subsec. a, declaring that the wife is conclusively presumed to be wholly dependent, unless it be shown that she was voluntarily living apart from her husband at the time of injury or death, or unless it be shown that the husband was not "in any way" contributing to her support, must be given a liberal yet reasonable construction, and when so construed the words "in any way" refer to character and not to the nature and extent of support contributed, and therefore, where it appeared that a wife living apart from her husband never made any demands on him for support and that small gifts of money from him were purely gifts and not by way of contributions to her support, she was not a "dependent," entitled to compensation for his death.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dependent.]

**2. Master and servant ⊸347—Legislative declaration of presumption of dependency in Compensation Act constitutional.**

The Legislature may declare the presumption of dependency of a wife or child on the husband to be conclusive, under the circumstances indicated in the Workmen's Compensation Act, § 14, without offending either the state or federal Constitutions.

**3. Master and servant ⊸412—Findings on evidence in compensation case conclusive.**

Workmen's Compensation Act, §§ 21, 28, contemplate that the finding of facts of the trial judge must be based on legal evidence, but, when supported by evidence, such finding is conclusive, and no technical questions as to admissibility of evidence will be considered.

Certiorari to Circuit Court, Jefferson County; Dan A. Greene, Judge.

Petition of Mattie Thomas for certiorari to review the finding and judgment of the circuit court of Jefferson county, in a proceeding under the Workmen's Compensation Act by Mattie Thomas v. American Cast Iron Pipe Company. Writ denied, judgment affirmed.

David S. Anderson and James Esdale, both of Birmingham, for petitioner.

If the husband contributed in any way to petitioner's support she was entitled to recover. Acts 1919, p. 217, § 14; Ex parte Majestic Coal Co., 208 Ala. 86, 93 South. 728.

The burden was on the defendant to show the husband was in no way contributing to petitioner's support or that she was voluntarily separated from him. Harper on Workmen's Comp. 258; Smith C. M. Co. v. Ind. Comm., 286 Ill. 34, 121 N. E. 231; Goelitz v. Ind. Board, 278 Ill. 164, 115 N. E. 855; State ex rel. Grant Const. Co. v. District Ct. of Ramsey County, 137 Minn. 283, 163 N. W. 509. Where a wife is justified in leaving her husband, she is not precluded from the presumption of dependency. Schneider on Workmen's Comp. § 369; State v. Dist. Court, 139 Minn. 409, 166 N. W. 772. The wife is conclusively presumed dependent. Acts 1919, p. 217; State v. Dist. Court, supra; Brandt v. Morning Journal, 81 App. Div. 183, 80 N. Y. Supp. 1003.

Cabaniss, Johnston, Cocke & Cabaniss and Brewer Dixon, all of Birmingham, opposed.

A dependent is one who looks to another for support. 1 Schneider on Workmen's Comp. 897; 1 Honnold, 224. New Monckton Collieries v. Keeling, 4 B. W. C. C. 332. The widow of deceased is not conclusively presumed dependent, where it is shown she is voluntarily living apart from the husband. Acts 1919, 217; 1 Schneider, 919; Ludwig v. Am. C. & F. Co., 194 Mich. 613, 161 N. W. 835; Broadbent's Case, 240 Mass. 449, 134 N. E. 632; Fierro's Case, 223 Mass. 378, 111 N. E. 957; Roberts v. Whaley, 192 Mich. 133, 158 N. W. 209, L. R. A. 1918A, 189. The widow is not entitled to compensation where it is shown the husband was not contributing to her support at the time of his death. 1 Honnold, 224; Avery v. Pac. Gas & Elec. Co., 2 Cal. I. A. C. Dec. 343; Collwell v. Bedford Co., 73 Ind. App. 344, 126 N. E. 439; Am. Fuel Co. v. Ind. Comm. (Utah) 206 Pac. 786.

THOMAS, J. The petition is by a widow for compensation for the death of the husband, the result of an accident arising out of and in the course of his employment. Ex parte Majestic Coal Co. et al., 208 Ala. 86, 93 South. 728.

The controversy was heard by the judge of the circuit court, who determined that petitioner was not entitled to compensation. Under this ruling the paramount question for decision is whether or not Mattie Thomas was dependent as contemplated in the Compensation Act. Gen. Acts 1919, p. 206; Ex parte Central Iron & Coal Co., ante, p. 22, 95 South. 472.

The facts recited as "proven" in the case are that the plaintiff was married to Henry Thomas, decedent, many years before his death; that they separated about 20 years ago and have not since lived together as man and wife; that shortly after their separation said Thomas "began living with one Cordelia Thomas as his wife," who was thereafter and

to the time of his death "known and accepted generally as the wife of Henry Thomas, and one or more children were born to them"; that no divorce had ever been granted to Thomas against his wife, Mattie Thomas. It was further shown that petitioner knew of the relations between Henry and Cordelia throughout the many years that his relationship with her existed, and said Mattie "never made any attempt to assert her rights as a wife"; that shortly after the death of Henry, Cordelia, "known as his wife," made her claim against defendant as the widow, which was settled in "a lump sum," "with the approval of the court," and that this cash compensation was paid to Cordelia. Ex parte Sloss-Sheffield S. & I. Co., 207 Ala. 531, 93 South. 425; Ex parte Central Iron & Coal Co., supra.

A further finding of fact by the circuit court was that said Mattie learned of the death of her husband within two weeks of its occurrence, made no effort to establish her rights (as widow) until 6 or 7 months thereafter, when she placed her claim in the hands of attorneys who gave notification thereof after the settlement, approval by the court, and its payment in "a lump sum compensation to said Cordelia, as widow of the decedent."

The court declared in its finding that it was a fact that decedent had never been divorced from his wife, Mattie; that his alleged marriage to Cordelia was invalid (Evans v. Evans, 200 Ala. 329, 76 South. 95); that, in the absence of testimony to the contrary, the plaintiff is the legal wife of decedent and is legally presumed to be dependent upon him and entitled to compensation as set forth in the statute. The recital of the circuit court of its finding of the evidence to the contrary was—though there was practically no dispute as to the fact of separation for about 20 years preceding decedent's injury, and of his living with another woman down to and at the time of his death—that plaintiff testified that the deceased had at various times given her money for her support, failed "to specify the times, the occasions, and the amount, could give no definite information except as to one occasion, when she claimed he gave her a small sum of money during Christmas," and that this gift was "just before his death." The latter gift was corroborated, though it was shown that the meeting of plaintiff with decedent was a casual meeting on the streets, when he gave her the small sum of money testified to have been given. Plaintiff testified to other gifts; yet it is recited in the finding of fact by the court that "such testimony" was "of such uncertain and unsatisfactory nature that the court is unable to form any idea of their nature and extent." The testimony further showed that, since the separation of Henry and Mattie, the latter had earned her own living, making good wages most of the time, and that "there was no evidence tending to show any association or communication with her husband," as man and wife, during their long separation.

[1] The contention of plaintiff is that the statute makes the wife conclusively dependent upon her husband, and, even if it is not so, the phrase contained in the statute (Gen. Acts 1919, p. 217, § 14) that the wife is conclusively presumed wholly dependent, "unless it be shown that the husband was not in any way contributing to her support," was susceptible of the reasonable interpretation "that the slightest contribution on the part of the husband fixes" the right of such wife to compensation under the statute; that is to say, that the wife had the right to compel the husband to contribute to her support, and that, by reason thereof, under the Alabama statute she had a right to enforce against the employer this right, which existed against the husband during his life.

The concluding provision of subsection (a), § 14, supra, that the husband "was not *in any way* contributing to her support," must be given a liberal yet reasonable interpretation under the letter and spirit of the act, having regard for the history of the act and the purpose sought to be conserved by the general enactment therein and specific provisions thereof. (Italics supplied.) When so construed, the words "in any way" must refer to the *character* and not to the *nature* and *extent* of the support contributed by the husband. Amer. Fuel Co. v. Ind. Comm. (Utah) 206 Pac. 786; Collwell v. Bedford Stone & Const. Co., 73 Ind. App. 344, 126 N. E. 439, 440; 1 Honnold on Work. Comp. pp. 224, 226–227; New Monckton Collieries v. Keeling (4 B. W. C. C. 332) 6 Neg. Com. Cases, 240.

The trial judge observes of this that, if it be granted that the deceased gave money to the wife on the occasions testified by her, yet the circumstances of the "few occasions" upon which money was given by him "conclusively show that such gifts were purely gifts and not by way of contribution to her support, and that she never recognized his obligations to support her, never made any demands upon him for support, nor attempted in any way to enforce her rights."

The provisions of subsection (a), § 14, p. 217, of the Workmen's Compensation Act of necessity qualify the general terms or definitions of conclusive presumption of a wholly dependent wife, given statement in the first paragraph of the section. In the Minnesota statute (Laws 1915, c. 209, § 5 [Gen. St. Supp. 1917, § 8208]) are the words:

"Wife * * * conclusively presumed to be wholly dependent * * * unless it be shown that she was voluntarily living apart from her husband at the time of his injury or death." State ex rel. London & Lancashire Ind. Co. v. District Court, 139 Minn. 409, 166 N. W. 772.

Thus, in the expression contained in the Alabama statute (subsection [a] of section 14), "be known that she was voluntarily living apart from the husband," etc., the word "known" can only mean "shown," as it was used in the Minnesota statute. 2 Honnold on Work. Comp. p. 1313, § 14. Since the Minnesota statute did not contain the further limitation, "unless it be shown she was not married to the deceased at the time of the accident or married to the deceased for a reasonable period prior to his death (meaning to cut off marriages after the accident or injury from which death results), or unless it be shown that the husband was not in any way contributing to her support," that the constructions of the instant provisions of the Minnesota statute not so qualified were not adopted by this statute is shown by the material limitations imposed in the enactment of section 14, p. 217, of the Alabama statute.

The presumption is that the wife was wholly dependent, if she was living with the husband at the time of his injury and death. Such being the fact, the presumption of "wholly dependent" is indisputable or conclusive, as the result of express legislative declaration in the Alabama statute; that is to say, the wife is conclusively presumed to be dependent on the husband, unless (1) she was voluntarily living apart from the husband at the time of his injury or death; (2) the husband was not in any way contributing to her support; or unless (3) she was not married to the decedent at the time of the accident, or for a reasonable period prior to his death. Under any of these three subdivisions the wife may show that she was actually dependent on the injured man at the time of the injury; and is conclusively presumed to be so dependent unless one of the three conditions obtained, in which event proof could be made of her actual dependency. Gen. Acts 1919, § 14, p. 217; Schneider on Work. Comp. Law, pp. 919–923.

[2] The Legislature may declare the presumption of dependence of the wife or child upon the husband, under the circumstances indicated in the statute, and not offend provisions of state or federal Constitutions. Bailey v. State, 158 Ala. 18, 48 South 498; s. c. 219 U. S. 229, 31 Sup. Ct. 145, 55 L. Ed. 191. The legislative declaration is that a particular fact being shown to have existed, the presumption of dependence upon the husband and father was conclusive, which is not the establishment of "a presumption in the ordinary sense of the term, but rather a rule of law to the effect that in the case specified," of that most sacred and exacting of the domestic relations, "that the nonexistence of the fact presumed is immaterial." 2 Wigmore on Ev. § 1353; 9 Ency. of Ev. 884; Bailey v. State, supra; State ex rel. London & Lancashire Ind. Co. v. District Court, 139

Minn. 409, 166 N. W. 772. Hence, there was offered, or may have been offered, in such legal controversy proof of marriage vel non; if so, whether it was before or after the injury causing death of the husband, whether or not the wife was living apart from the husband at the time of the injury or death, and if so, whether her separation was voluntary or involuntary, whether or not the husband was nevertheless contributing to her support in any way, as that the nature and character of the contribution created the relation of dependence, amounted to a support under the law, or was presumed to have been of that character. Ex parte Central Iron & Coal Co., supra.

[3] In Ex parte Sloss-Sheffield S. & I. Co., 207 Ala. 219, 92 South. 458, it was held that sections 21 and 28 of the Workmen's Compensation Act contemplate that the finding of fact of the trial judge must be based on legal evidence; but, when there is any such evidence to support the finding, the latter is conclusive, and no technical questions as to the admissibility of evidence will be considered. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803; Ex parte W. T. Smith Lumber Co., 206 Ala. 485, 90 South. 807.

The judgment, in common-law certiorari, being that proceedings below be either quashed or affirmed in whole or in part (Ex parte Central Iron & Coal Co., supra), it results that the writ is denied, and the judgment is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.