STATE EX REL. GLOBE INDEMNITY COMPANY v. DISTRICT COURT OF RAMSEY COUNTY AND OTHERS.[1]

February 4, 1916.

Nos. 19,554—(210).

**Workmen's Compensation Act.**

1. The right to compensation under the Workmen's Compensation Act in case of death is governed by the law in force at the time of death.

**Same — partial dependency.**

2. The evidence is such as to warrant a finding of the claimant's partial dependency.

**Same.**

3. Under Laws 1913, c. 467, § 14, subds. 13, 15 and 17, a partially dependent sister of a deceased workman is entitled to the minimum fixed by subdivision 17.

**Same—review on appeal in favor of party not appealing.**

4. Upon *certiorari* issued on the relation of the one against whom judgment fixing the compensation is entered, the claimant cannot have the record reviewed.

Upon the relation of the Globe Indemnity Company this court granted its writ of *certiorari* directed to the district court for Ramsey county and the Honorable William Louis Kelly, one of the judges thereof, to review the judgment in an action in that court under the Workmen's Compensation Act brought by Hulda Steel, Olivia Toren and Amanda Mostrom, dependent sisters of Herman Toren, deceased, against the Globe Indemnity Company and the St. Paul Gaslight Company to recover compensa-

[1] Reported in 156 N. W. 120.

tion for the death of decedent while in the employ of the St. Paul Gaslight Company. Affirmed.

*Watson & Abernethy,* for relator.

*John Lind,* for defendant Hulda Steel.

DIBELL, C.

*Certiorari* to the district court of Ramsey county to review a judgment awarding compensation under the Workmen's Compensation Act to the sister of a deceased workman.

1. The death of the deceased occurred on April 30, 1914. The right to compensation is governed by Laws 1913, p. 681, c. 467, and not by the amendment of 1915, Laws 1915, p. 285, c. 209. See State v. District Court of Hennepin County, 131 Minn. 96, 154 N. W. 661.

2. There is evidence, weak and unsatisfactory, that the claimant received support from her brother to the amount of $156 per year. The court so found. There is not such a lack of evidence as justifies our interference.

3. The deceased was earning something like $13 or $14 a week and not more than a total of $704 a year. The sister was a partial dependent. The court gave her $3 per week. If she had been an actual dependent she would have received, under subdivision 13 of section 14, 25 per cent. of his wages. The provision of subdivision 15 is that a partial dependent shall receive that proportion of the benefits which an actual dependent would receive which the average amount contributed by the deceased bears to his total wages. So computed the claimant would receive 156/704 of the amount which a wholly dependent sister would receive. Subdivision 17 provides that the minimum compensation shall be $6 per week and the maximum $10 per week, the payments to be made during dependency not exceeding 300 weeks. There is no limitation of this provision to those wholly dependent. If the claimant had been wholly dependent she would have received, under subdivision 17, the minimum of $6 per week, 25 per cent. of the total wages of the deceased being less than that amount; and the relator's contention is that the claimant, being a partial dependent, should under subdivision 15, receive 156/704 of the prescribed minimum. There is very much to be said in support of this contention. Subdivisions 15 and 17 are inconsistent. We have not

been able to agree upon the proper construction; but a majority of the justices are of the opinion that, there being no limitation of the minimum to those wholly dependent, the provision for a minimum should apply likewise to partial dependents. No useful purpose is served by discussing the different views presented by counsel. The amendments of 1915 remove the difficulty of construction which this case presents.

4. The claimant contends that the whole record is before the court for review, and that she should have a greater allowance made her by the court below if entitled to it on the record. We cannot so hold. A claimant, dissatisfied with the judgment, may have it reviewed on *certiorari*. The writ serves the purpose of an appeal. Only the party on whose relation it is issued can complain.

Judgment affirmed.