(92 South. 458)

## Ex parte SLOSS-SHEFFIELD STEEL & IRON CO.

## GREEK v. SLOSS-SHEFFIELD STEEL & IRON CO. (6 Div. 548.)

(Supreme Court of Alabama. Feb. 9, 1922.)

**1. Master and servant ⊗═412—Statement of law, facts, and conclusions necessary for review of judgment in compensation case.**

The statement of law, facts, and conclusions required by Workmen's Compensation Act. § 28, is necessary to make serviceable the review by certiorari provided for by section 21, and strict compliance with the statute is necessary; the absence of such statement affording ground for review.

**2. Master and servant ⊗═412—Statement of law, facts, and conclusions in compensation case held sufficient.**

Statement in record of the law, facts, and conclusions, as determined by the judge, *held*, in facie, a substantial and sufficient compliance with Workmen's Compensation Act, § 28, requiring such statement on review by certiorari.

**3. Master and servant ⊗═412—Findings of fact on evidence in compensation case conclusive.**

Workmen's Compensation Act, §§ 21, 28, providing for review by certiorari on a statement by the trial judge, contemplates·that his conclusions of fact must be based on legal evidence; but, where there is any such evidence to support the finding, the latter is conclusive, and no technical questions as to the admissibility of evidence will be considered.

**4. Certiorari ⊗═15—Conclusions of fact cannot be reviewed by certiorari, unless authorized by statute.**

Conclusions of fact cannot be reviewed by certiorari, which cannot perform the office of an appeal, unless specifically authorized by statute.

**5. Master and servant ⊗═412—Compensation Act contemplates bill of exceptions to show absence of evidence.**

On petition to review a judgment by certiorari provided for by Workmen's Compensation Act, §§ 21, 28, requiring a statement of law, facts, and conclusions, the Supreme Court, in ascertaining whether a finding of fact is supported by any evidence, will look to the bill of exceptions.

**6. Statutes ⊗═226—Framers of act modeled on act of foreign state presumed to have adopted construction thereof.**

The presumption is that the framers of an act modeled on a statute of a· foreign state were familiar with and adopted the construction thereof by the Supreme Court of that state.

**7. Master and servant ⊗═399—Compensation claimant not bound to submit indefinitely to medical treatment to demonstrate permanency of injury.**

Under Workmen's Compensation Act, § 18, providing for medical aid, the employer may not· require an injured employé, as a condition to compensation, to submit indefinitely to medical treatment by a physician appointed by the employer, in order to demonstrate the permanency vel non of his injury, and the procedure should rest in the discretion of the trial court.

Petition by Fred H. Greek for compensation under the Workmen's Compensation Act, opposed by the Sloss-Sheffield Steel & Iron Company, employer. Judgment for petitioner, and the employer petitions for writ of certiorari. Writ denied.

Tillman, Bradley & Baldwin, of Birmingham, for petitioner.

The statement of facts contained in the record is not so specific as required by section 28 of the Compensation Act. 110 Ala. 115, 20 South. 57; 71 Ala. 461; 87 Atl. 86; 84 N. J. Law, 117, 86 Atl. 529; 89 N. J. Law, 150, 97 Atl. 723; 89 N. J. Law, 601, 99 Atl. 345; 101 Ala. 79, 14 South. 98; Honnold on Workmen's Compensation, §§ 238-248. The finding does not support the judgment, and it cannot stand. 85 Ala. 594, 5 South. 345; 71 Ala. 461; 101 Ala. 79, 14 South. 98. As a general rule, findings of facts by the trial court are not reviewed; but, if a finding· of facts by the trial court is without sufficient evidence to support it, such findings amount to such error of law as will be reviewed. 180 Mich. 168, 146 N. W. 665, L. R. A. 1916A, 267, Ann. Cas. 1916A, 386;· 269 Ill. 27, 109 N. E. 713, L. R. A. 1917B, 188; 284 Ill. 90, 119 N. E. 996, L. R. A. 1918E, 824; 278 Ill. 164, 115 N. E. 855; 220 N. Y. 493, 116 N. E. 355, L. R. A. 1918E, 432; 157 Wis. 167, 147 N. W. 53, Ann. Cas. 1916B, 330; 170 Cal. 793, 151 Pac. 421; 128 Minn. 221, 150 N. W. 623; 181 Mich. 463, 148 N. W. 247, Ann. Cas. 1916C, 771; 137 Minn. 435, 163 N. W. 755, L. R. A. 1917F, 1094. See, also, in connection with proof of finding of law, the following cases: 219 N. Y. 326, 114 N. E. 398; 219 N. Y. 322, 114 N. E. 397; Harper on Workmen's Compensation, pp. 313, 315.

Smith, Wilkinson & Smith, of Birmingham, opposed.

The review is limited to questions of law by section 28 of the Workmen's Compensation Law, and our statutory provisions do not authorize the writ of certiorari in any case not provided for by the common law. 160 Ala. 274, 49 South. 676. Conclusions of· facts cannot be reviewed by certiorari, unless specially authorized by statute. 186 Ala. 611, 65 South. 163; 181 Ala. 4, 61 South.

⊗═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

53; 162 Ala. 272, 50 South. 218; 96 Ala. 583, 11 South. 694; 80 Ala. 89; 65 Ala. 236. This is especially true where the inspection is based in whole or in part on personal observation. 36 Iowa, 9; 45 Hun, 310. The character and extent of plaintiff's injuries was purely a question of fact, not reviewable here. 185 Ala. 216, 64 South. 36.

SAYRE, J. By this application for the writ of certiorari, petitioner, the Sloss-Sheffield Steel & Iron Company, seeks to review the judgment of the circuit court in the matter of the petition of Fred H. Greek to be awarded compensation for personal injuries alleged to have been suffered by him by reason of an accident arising in the course of and out of his employment by the company.

It is contended in the first place that the trial court has failed to comply with the requirement of section 28 of the act (Acts 1919, pp. 206–239):

"This determination (meaning the determination of the trial court in case the court has decided the question of compensation without a jury) shall be filed in writing with the clerk of the said court, and judgment shall be entered thereon in the same manner as in causes tried in the said circuit court, and shall contain a statement of the law and facts and conclusions as determined by said judge"

—and that for such failure the judgment should be reversed.

[1, 2] The required statement of law, facts, and conclusions is necessary to make serviceable the review by certiorari which the statute provides, and this court has sought to impress upon the trial judges the necessity of a strict compliance wtih the statute. Woodward Iron Co. v. Bradford (Ala. Sup.) 90 South. 803.[1] The absence of such statement will afford ground for review. Long v. Bergen County Court, 84 N. J. Law, 117, 86 Atl. 529. In this case the trial judge, on August 29, 1921, filed his statement of law, facts, and conclusions, in which he finds that on November 29, 1920, the petitioner, Greek, was a resident of Jefferson county, over the age of 21 years, unmarried, and that he was in the employment of defendant, and while engaged in the discharge of his duties as such employé sustained severe injuries. which resulted in the amputation of the index finger of his right hand, injury to the thumb and remaining fingers, and to the hand itself; that petitioner's earnings at the time of his injury, and for more than a year prior thereto, were $65 a week; that petitioner had "lost 60 per cent. of the use of his right hand in addition to the loss of his index finger"; that petitioner's injury was permanent. The court concluded, and so adjudged, that petitioner should recover

$12 a week for 35 weeks, beginning December 6, 1920, and ending with the week of August 5, 1921, as compensation for the loss of his finger, and for his other permanent partial disability $7.20 a week for 115 weeks, beginning with the week of August 7, 1921; that petitioner have and recover of the Sloss-Sheffield Steel & Iron Company, a corporation, the sum of $420, the amount of his debt and damage as found by the court for the loss of his finger; that the then past-due installments of $7.20 be commuted to one lump sum of $28.80, which amount, along with the sum awarded for the loss of the petitioner's finger, be paid into court for the use of petitioner, and that for 111 weeks, beginning with the week of September 4, 1921, defendant pay to the clerk or petitioner's attorney the sum of $7.20. This is an outline of the judgment to which the court proceeded in an orderly statement of the facts and the judgment deemed by it to be proper.

The court here finds the statement in the record of "the law and facts and conclusions as determined by said judge," to constitute in facie a substantial and sufficient compliance with the statute. But appellant—so to speak of the petitioner in this court—contends that the trial judge exceeded or abused the jurisdiction conferred upon him by the Workmen's Compensation Act, in that there was no evidence to support a finding for permanent partial disability of petitioner's hand apart from, or in addition to, the disability caused by the loss of the index finger, for which last-mentioned loss appellant agrees that petitioner is entitled to compensation. Of course, this error, if error there was, has been carried into the judgment rendered as in a case of dispute. Whether such error can be reviewed in this proceeding is the important question now presented.

[3] The adjudications under similar statutes are to the effect, and we take it there can be no doubt, that 'his law contemplates that conclusions of fact must be based on legal evidence; but, where there is any legal evidence to support the finding, such finding is conclusive, and no technical questions as to the admissibility of evidence will be here considered. Woodward Iron Co. v. Bradford; Ex parte H. T. Smith Lumber Co., 206 Ala. 485, 90 South. 807.

[4, 5] But by what means can this court be advised of the fact that the trial judge's statement of fact in whole or in part is without support in the evidence? This court has held that the provisions of our Code in respect of common-law certiorari do not permit a proceeding by certiorari to perform the office of an appeal. Max Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 South. 341. Quite a number of cases might be cited to the proposition that conclusions of fact cannot be reviewed by certiorari, unless spe-

---

[1] 206 Ala. 447.

cifically authorized by statute. Kirby v. Commissioners' Court, 186 Ala. 611, 65 South. 163; Ex parte State, 181 Ala. 4, 61 South. 53; Ex parte Dickens, 162 Ala. 272, 50 South. 218; McCulley v. Cunningham, 96 Ala. 583, 11 South. 694; McAllilley v. Horton, 75 Ala. 491; Town of Camden v. Block, 65 Ala. 236. This state of the law cannot be denied, and in this state of the law appellant is without remedy for the peculiar error of which it complains, unless indeed authority can be found in the law under which this proceeding originated, the Workmen's Compensation Act, for some means by which the whole evidence in the case may be brought to the notice of this court. The writer is of opinion that the question here presented by appellant's contention, viz. that there was a total lack of evidence to support a material part of the finding of fact in the trial court, is a question of law, and inclines to the view that the act contemplates a bill of exceptions by which the evidence relevant to this question may be brought here. This act is closely modeled on the Workmen's Compensation Law of the state of Minnesota (Gen. St. 1913, c. 84a). 2 Honnold, Work. Comp. p. 1308 et seq. That law, in identical language with that of section 21 of our statute, provides that—

"His decision (meaning the decision of the judge) as to all questions of fact shall be conclusive and binding, subject to the right of appeal as hereinafter provided." Gen. St. 1913, § 8216.

In section 30 of that law (Gen. St. 1913, § 8225) the language, conforming to the language of section 28 of our act, is:

"Provided that nothing herein contained shall be construed as limiting the jurisdiction of the supreme court to review questions of law by certiorari."

And this is the only language, other than that quoted above, to be found bearing any resemblance to a provision for an appeal. The statute of this state (section 21) has this further provision, seeming to hold the scales evenly between certiorari and appeal:

"From such decree any party aggrieved may by certiorari within 30 days thereafter appeal to the Supreme Court of Alabama."

[6] The Supreme Court of Minnesota holds that the writ of certiorari provided by the statute serves the purpose of an appeal (State ex rel. Globe Indemnity Co. v. District Court, 132 Minn. 249, 156 N. W. 120), and in State ex rel. Nelson-Spelliscy Co. v. District Court, 128 Minn. 221, 150 N. W. 623, that court entered into an examination as to the effect of the evidence heard in the trial court. The presumption must be indulged that the framers of the act here involved were familiar with the construction that had been placed upon the Minnesota act, and adopted the terms and provisions of that act with such construction. And, such being the case, this court, for the purpose of ascertaining whether there was any evidence in support of the finding or any material part thereof, will look to the bill of exceptions. But, as the statute provides, and as has been said here in effect, if, on any reasonable view of the evidence it will support the conclusion reached in the trial court, the finding and judgment will not be disturbed. Such, generally, is the rule of the courts in proceedings under statutes of this sort. Globe Indemnity Co. and Nelson-Spelliscy Company Cases, supra; International Harvester Co. v. Industrial Commission, 157 Wis. 167, 147 N. W. 53, Ann. Cas. 1916B, 330; Peoria Cordage Co. v. Industrial Board, 284 Ill. 90, 119 N. E. 996, L. R. A. 1918E, 822; Englebretson v. Industrial Accident Commission, 170 Cal. 793, 151 Pac. 421; Reck v. Whittlesberger, 181 Mich. 463, 148 N. W. 247, Ann. Cas. 1916C, 771; Long v. Bergen County Court, supra.

In the present case the evidence, reported in the bill of exceptions, has been examined, and our conclusion, very clearly, is that it is sufficient to sustain the trial court's conclusion of fact in every respect, and upon the facts so found the judgment must be affirmed.

[7] Defendant's (employer's) motion to suspend compensation was overruled, without error. We do not read the record to mean that petitioner (employé) refused medical aid as provided in section 18 of the act; nor do we read the law to mean that the employer, as a condition to the employé's compensation, may require the injured employé to submit indefinitely to medical treatment by a physician or surgeon of the employer's appointment, in order to demonstrate the permanency vel non of the employé's injury. That procedure should rest in the discretion of the trial court. In this we will not be understood as denying the employer's right to an examination or a suspension, on application to the court, of compensation, on the ground that the disability for which the compensation is awarded has been removed. This last question is not before us at this time.

We find no error in the record.

Certiorari denied.

GARDNER and MILLER, JJ., concur.

ANDERSON, C. J. (specially concurring). Section 28 of the Workman's Compensation Act, among other things, provides that the determination of the judge "shall be filed in writing with the clerk of the said court * * * and shall contain a statement of the law and facts and conclusions as determined by said judge." We think the word "facts," as used, is equivalent to the

proven facts of the case. Odom v. State, 172 Ala. 383, 55 South. 820; Hess v. Corwin, 109 Mo. App. 22, 84 S. W. 141. Therefore, when the trial judge sets out the facts, the law, and conclusion as required by the statute and files the same it all becomes a part of the record and there can be no need for a bill of exceptions, as the facts so set forth should be considered in lieu of a bill of exceptions. This was, in effect, the view taken in the recent cases of Woodward Iron Co. v. Bradford (Ala. Sup.) 90 South. 803,[2] and Ex parte Smith Lumber Co. (Ala. Sup.) 90 South. 807.[3] Those cases, however, involved no contention, as in the present case, that the judge had not fairly or sufficiently incorporated the facts in his determination, and it was not intended to there hold that, when the trial judge did not comply with the statute as to setting out a full and fair statement of the facts, the aggrieved party had no method for getting the same before the appellate court, in order to ascertain whether or not there were sufficient facts to support the conclusion. For, as we held in the cases supra, while this court will not review the conclusion of the trial judge based upon disputed facts, yet when the undisputed facts show or fail to establish a cause of action, or certain claims or injuries, then it becomes a question of law and subject to review by the writ of certiorari. We think that, when the trial judge does not fully and fairly set out the facts as required by statute, the aggrieved party is entitled to a bill of exceptions for the purpose of getting the same before this court, or to establish one under the statute in the event the judge refused or failed to sign same. In the previous decisions we have endeavored to impress upon the trial judges the necessity for complying with section 28, as to setting forth the facts, and which would simplify the situation and do away with the necessity for a bill of exceptions; but we did not mean to hold that the trial judges could cut a party off from a right to review by a noncompliance with a statutory duty. The judges are furnished stenographers, or reporters, and they not only have the means, but it is their duty, to comply with the statute, and in doing so there can be no need for a bill of exceptions.

[2] 206 Ala. 447.     [3] 206 Ala. 485.