(106 So. 898)

GULF STATES STEEL CO. v. GRIFFIN.
(6 Div. 463.)

(Supreme Court of Alabama.    Jan. 14, 1926.)

1. **Master and servant ☞412—When bill of exceptions in compensation case will not be considered.**

A bill of exceptions on certiorari to review the findings and judgment in a workmen's compensation case will not be considered, where the findings of fact are not too meager to inform the court of review in respect of the entire circumstances having relation to the point in contest.

2. **Master and servant ☞347—Legislative declarations of dependency constitutional.**

Legislative declarations of dependency with respect to a wife for whose support the husband does not contribute, as found in Workmen's Compensation Act, do not offend constitutional provisions.

3. **Master and servant ☞388—Questions of total or partial dependency vel non are questions of fact.**

Except with regard to those dependents within Workmen's Compensation Act, who are by express provisions conclusively presumed to be dependents, questions of total or partial dependency vel non and the amounts of the award within the statutory limitations are questions of fact.

4. **Master and servant ☞412—Finding as to dependency on substantial evidence conclusive.**

Finding as to dependency, or lack thereof, is conclusive on review, when substantial evidence supports finding.

5. **Master and servant ☞412—Conclusions of fact in compensation case not reviewable.**

Conclusions of fact in workmen's compensation case cannot be reviewed by certiorari.

6. **Master and servant ☞388—Children of classes indicated by statute presumed dependent.**

In workmen's compensation proceeding based upon Workmen's Compensation Act, § 28 (Code 1923, § 7578), children of the classes indicated by statute are presumed to be dependent, in view of section 7552 et seq.

7. **Master and servant ☞347—Statutory distinction between wife and children as dependents held reasonable.**

The distinction made between wife and children of deceased workman by Workmen's Compensation Act, under which children under 16 years of age are conclusively presumed to be dependent, and wife is conclusively presumed dependent, unless voluntarily living apart at time of injury or death, or not married reasonable period prior to death, or not receiving support or contribution at time of death held reasonable.

Certiorari to Circuit Court, Jefferson County; Joe. C. Hail, Judge.

Petition of the Gulf States Steel Company for certiorari to the Circuit Court of Jefferson County to review the finding and judgment of that court in a proceeding under the Workman's Compensation Act by Magnolia Griffin (Blanche Griffin, interpleader) against the petitioner. Writ denied; judgment affirmed.

The finding made by the trial judge is in part as follows:

"This cause, coming on to be heard, and all parties being present in court and represented by counsel, was submitted upon the complaint of Magnolia Griffin, upon the interpleader of Blanche Griffin, and the petition of Magnolia Griffin, as dependent children of Will Griffin, deceased, and upon the defendant's answer and upon the evidence of witnesses taken in open court, and the court finds the following to be the facts:

"Will Griffin was working for the Gulf States Steel Company, a corporation [which,] was subject to the terms of the Alabama Workmen's Compensation Act on said date, and that the said Will Griffin received injuries on December 10, 1924, while in the line and scope of his employment as a miner for the said defendant corporation, from which injuries he died on December 10, 1924.

"The court finds that the average weekly earnings of the said Will Griffin at the time of his death was $15.38.

"The court further finds that the interpleader, Blanche Griffin, claiming to be the widow of the said Will Griffin, deceased, was not his legal widow; that the marriage between Will Griffin and Blanche Griffin was illegal, for that at the time of said marriage the proof showed that his common-law wife, Magnolia Griffin, was living, and in court testified, and that the said Blanche Griffin has no claim or right to compensation under the Workmen's Compensation Act of Alabama because of the death of the said Will Griffin.

"The court further finds from the evidence that Will Griffin, prior to his death, and Magnolia Griffin had been living together as man and wife for more than 11 years, and that the said Magnolia Griffin was the common-law wife of the said Will Griffin, and that there was born to the said Will Griffin and Magnolia Griffin as the result of their cohabitation two children, which were acknowledged and claimed by the said Will Griffin as his children and supported by him, said children being two girls, Will Joseph Griffin and Jimmie Lou Griffin, of the age of 11 and 8½ years respectively.

"The court further finds from the evidence that in the month of July, 1924, the said Will Griffin ran the said Magnolia Griffin away from his home, and that he did not contribute to the support of the said Magnolia Griffin from July, 1924, to the time of his death, December 10, 1924, a period of more than 4 months, and that the said Magnolia Griffin was living involuntarily apart from the said Will Griffin at the time of his death, and was not receiving any support from him, and for more than 4 months before his death. Therefore, the said Magnolia Griffin is not entitled to compensation under the Workmen's Compensation Act.

"The court further finds from the evidence that the two children of Will Griffin, Will Joseph Griffin, and Jimmie Lou Griffin, are entitled to receive compensation as the dependent children of the said Will Griffin, deceased, and the court further finds that there are no other persons who are entitled to compensation on account of the death of the said Will Griffin.

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff, Magnolia Griffin, for the benefit of Will Joseph Griffin and Jimmie Lou Griffin, minor children of the said Will Griffin, deceased, have and recover of the defendant Gulf States Steel Company," etc.

B. F. Smith and A. M. Boone, both of Birmingham, for appellant.

The decree is not sufficient as to statement of facts. Acts 1919, p. 227, § 28. The award is without support of facts or law. Ætna Co. v. Schaeffer, 209 Ala. 77, 95 So. 351; Ex parte Thomas, 209 Ala. 276, 96 So. 233; Johnson v. Republic I. & S. Co., 212 Ala. 149, 102 So. 44; Ex parte Sloss Co., 212 Ala. 3, 101 So. 608; Code 1923, § 7553.

D. G. Ewing, of Birmingham, for appellee.

The finding of fact by the trial court is conclusive. Ex parte Sloss Co., 207 Ala. 219, 92 So. 458; Ex parte Thomas, 209 Ala. 276,

96 So. 234. It is clear as to facts and law in this case. Code 1923, § 7578. Children are conclusively presumed to be dependent. Code 1923, § 7552.

THOMAS, J. The petition was under the Workmen's Compensation Act (Gen. Acts 1919, p. 206 et seq.), and compensation was allowed the minor children.

[1] The decree of the lower court awarding compensation for the benefit of the two minor children of appellee is in compliance with the statute, and contained a statement of the law and facts supporting the conclusion and judgment of the court. Gen. Acts 1919, p. 227, § 28. The bill of exceptions in the trial before the court will not be considered (Ex parte Woodward Iron Co., 212 Ala. 220, 102 So. 103) except by the rule obtaining (Ex parte Paramount Coal Co. [Ala. Sup.] 104 So. 753;[1] Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99; Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Sloss-Sheffield S. & I. Co. [Greek's Case], 207 Ala. 219, 92 So. 458; Ex parte Smith Lumber Co., 206 Ala. 485, 90 So. 807; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803).

[2-5] The finding of the court denying compensation for the death of the husband to the wife for whose support he was not "in any way" contributing was in accordance with the statute and construction thereof by this court. Such legislative declarations of dependency are not offensive to the provisions of the Constitution. Ex parte Thomas, 209 Ala. 276, 96 So. 233; 30 A. L. R. 1266. Under the statute, except with regard to those dependents who are by express provision conclusively presumed to be dependents, the questions of total or partial dependency vel non and the amounts of the award (within statutory limitation) are questions of fact. Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99; Sloss-Sheffield S. & I. Co. v. Greek, 211 Ala. 95, 99 So. 791. A finding as to dependency, or the lack thereof, is conclusive on review, if there is any substantial evidence to support the conclusion announced. Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; Ex parte Thomas, 209 Ala. 276, 96 So. 233; Ex parte Coleman, 211 Ala. 248, 100 So. 114; Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case), 207 Ala. 219, 92 So. 458; Ex parte L. & N. R. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Nunnally Co., 209 Ala. 82, 95 So. 343; Ex parte Shaw, 210 Ala. 185, 97 So. 694; Ex parte Smith Lumber Co., 206 Ala. 485, 90 So. 807; 30 A. L. R. 1277. Conclusions of fact cannot be reviewed by certiorari within the rule obtaining. Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case), 207 Ala. 219, 92 So. 458.

[6] The procedure in cases of dispute is prescribed (Gen. Acts 1919, p. 227, § 28; Code 1923, § 7578), and has been followed in the trial court. The decree is specific as to find-

[1] 213 Ala. 281.

ing of fact and law under which the award was made. Children of the classes indicated by statute are presumed to be dependent. Code 1923, § .7552 et seq.; Ex parte Thomas, 209 Ala. 276, 96 So. 233; Ex parte Todd, etc., Co., 212 Ala. 477, 103 So. 447.

[7] The 'difference made by the Legislature as to dependency between the wife and children is founded in reason, the result of common observation and experience. A child within the ages indicated by the statute is conclusively presumed to be dependent, as are those over 18 years of age, if physically or mentally incapacitated from earning a livelihood. Code 1923, § 7552; Acts 1919, p. 217, § 14; Ex parte Central C. & I. Co., 209 Ala. 22, 95 So. 472; Ex parte Thomas, supra; Ex parte Majestic Coal Co., supra.

A wife is conclusively presumed to be dependent, unless she was: (1) Voluntarily living apart from the husband at the time of his injury or death; (2) not married to decedent at the time of the accident or for a reasonable period prior to his death; or (3) not supported by the husband "in any way contributing" thereto at the time of his death.

The foregoing conditions as to the wife are not imposed by statute upon the children of decedent. Ex parte Thomas, supra; Johnson v. Republic, etc., Co., 212 Ala. 149, 102 So. 44. That is to say, children under the age of 16 are not acquainted with or capacitated to compete with the necessities of life or the customs and requirements of business and social conditions, and are not acquainted with the laws protecting their rights and governing the family relations. Hence the Legislature makes the reasonable distinction between the wife and child as dependents of the husband and father.

The writ is denied, and the judgment of the circuit court is affirmed.

Writ denied; judgment affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

