(106 So. 900)

## GULF STATES STEEL CO. v. WITHER-SPOON. (6 Div. 557.)

(Supreme Court of Alabama. Jan. 14, 1926.)

**1. Master and servant ⬦412—Overruling motion to set aside compensation decree did not change status as to review.**

That motion to set aside decree awarding compensation was overruled did not change status as to review.

**2. Master and servant ⬦412—Bill of exceptions in compensation case not considered except to ascertain total absence of evidence.**

In certiorari to review finding and judgment in proceeding under the Workmen's Compensation Act, a bill of exceptions was not necessary, in view of court's findings of fact, and would not be considered, except to ascertain whether there was a total absence of evidence to support the findings of fact and conclusions embraced in decree sought to be reviewed.

**3. Master and servant ⬦388—Involuntary absence of wife held not to change status as dependent.**

Under the Workmen's Compensation Act, the involuntary absence of the wife, without more, from the home of deceased for a few months before his injury did not place her without the provisions of the statute relative to dependents.

Certiorari to Circuit Court, Jefferson County; Roger Snyder, Judge.

Petition of the Gulf States Steel Company for certiorari to the Circuit Court of Jefferson County to review the finding and judgment of that court in a proceeding under the Workmen's Compensation Act by Cornelia Witherspoon against the petitioner. Writ denied; judgment affirmed.

B. F. Smith, of Birmingham, for appellant.

Appellant and her husband were separated, and she was not entitled to compensation as a dependent. Ex parte Thomas, 209 Ala. 276,

96 So. 233; Johnson v. Republic I. & S. Co., 212 Ala. 149, 102 So. 44; Ex parte Sloss Co., 212 Ala. 3, 101 So. 608; Code 1923, §§ 7553, 7554.

London, Yancey & Brower, Smyer & Smyer, and Frank Bainbridge, all of Birmingham, for appellee.

If the judgment of the trial court is supported by any legal evidence, it will not be disturbed on certiorari. Ex parte Coleman, 211 Ala. 248, 100 So. 114; Ex parte Woodward Iron Co., 211 Ala. 111, 99 So. 649; Ex parte Shaw, 210 Ala. 185, 97 So. 694. A wife involuntarily living apart from her husband and receiving contributions from him to her support at the time of his death is conclusively presumed to have been wholly dependent upon him. Ex parte Thomas, 209 Ala. 276, 96 So. 233; Johnson v. Republic I. & S. Co., 212 Ala. 149, 102 So. 44; Ex parte Gude & Co., 213 Ala. 584, 105 So. 657.

THOMAS, J. [1] The proceeding was by a wife under the Alabama Workmen's Compensation Act (Gen. Acts 1919, p. 206). The fact that a motion to set aside the decree was overruled did not change the status as to review as declared in Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803, and subsequent cases. Gulf States Steel Co. v. Griffin, 6 Div. 463, ante, p. 126, 106 So. 898.

Petitioner's counsel accepts as the issues of fact to be decided: Whether or not Cornelia Witherspoon was voluntarily living separate and apart from the decedent; and whether or not at the time of his death, and for a reasonable time prior thereto, she had derived a part of her support or livelihood from said husband; whether he was "in any way" contributing to her support in accordance with the statute and construction thereof. Ex parte Thomas, 209 Ala. 276, 96 So. 233; Gulf States Steel Co. v. Griffin, supra.

The finding of law and fact by the presiding judge of the circuit court hearing the petition of the widow, among other things, was:

"That during the month of March, 1925, and for several years prior thereto, Peter Witherspoon was in the employment of the defendant, Gulf States Steel Company, a corporation, and worked in its mines at or near Shannon, Jefferson county, Ala.; that on, to wit, the 11th day of March, 1925, the said Peter Witherspoon, while working in the defendant's said mines, and while acting within the line and scope of his employment by the defendant, received personal injuries from which he died; that his death occurred on, to wit, March 11, 1925, as a direct and proximate result of said injuries; that at the time of the death of the said Peter Witherspoon the defendant herein, Gulf States Steel Company, a corporation, and the said Peter Witherspoon came under and were subject to the terms and provisions of the Workmen's Compensation Act of Alabama; that the average weekly earnings of the said Peter Wither-

spoon at the time of his death were $20.69, and that proper notice of the death of said Peter Witherspoon and the claim of the plaintiff herein for compensation was served on the said Gulf States Steel Company.

"That said Peter Witherspoon and Cornelia Witherspoon were lawfully married on, to wit, the 11th day of November, 1918; that the said Cornelia Witherspoon was the lawful wife of the said Peter Witherspoon at the time of his death; that since their marriage, and up until a short time prior to his death, they had lived together as husband and wife, and had two children, both of whom are now dead; that some time after Christmas of the year 1924 the said Peter Witherspoon abused his said wife, Cornelia Witherspoon, the plaintiff herein, and caused her to leave his home at Shannon, Ala.; that they did not live together for a period of approximately 2 months prior to his death; that during this period of two months the said Peter Witherspoon contributed to the support of his said wife; that about 2 weeks prior to his death the said Peter Witherspoon requested his said wife, Cornelia Witherspoon, to return to his home at Shannon, Ala.; and that said Cornelia Witherspoon was preparing to return to the home of her said husband at the time of his death; that Cornelia Witherspoon, the plaintiff herein, was involuntarily living apart from said Witherspoon during the time of their separation; that said Cornelia Witherspoon has and had no separate estate, and was actually dependent upon her said husband for support and maintenance; that he was contributing to her support at the time of his death within the meaning of the provisions of the Workmen's Compensation Act of Alabama; and that she is entitled to recover compensation from the defendant herein on account of his death."

From said facts it was decreed that said Cornelia Witherspoon have and recover of the defendant the sum of $6.19 per week, payable weekly, for a period of 300 weeks from March 12, 1925, and the costs of the action.

[2] The bill of exceptions was not necessary under the rule announced (Woodward Iron Co. v. Bradford, 212 Ala. 220, 102 So. 103; Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99; Ex parte Paramount Coal Co. [Ala. Sup.] 104 So. 753;[1] Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Sloss-Sheffield S. & I. Co. [Greek's Case] 207 Ala. 219, 92 So. 458; Gulf States Steel Co. v. Griffin, supra), and will not be considered except only to ascertain whether there was a total absence of evidence to support the findings of fact and conclusions embraced in the order or decree the subject of complaint. There was not a total lack of evidence on any material fact found by the court.

[3] The involuntary absence of the wife, without more, from the home of deceased for a few months before his injury did not place her without the provisions of the statute relative to dependents. Ex parte Thomas, 209 Ala. 276, 96 So. 233; Gulf States Steel Co. v. Griffin, supra.

The writ is denied, and the judgment of the circuit court is affirmed.

Writ denied; judgment affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

