(116 So. 425)

## WOODWARD IRON CO. v. JONES.
### (6 Div. 14.)

Supreme Court of Alabama. March 29, 1928.

**1. Master and servant ⚹418(6)—Supreme Court will not disturb judgment in workmen's compensation case based on any legal evidence or any reasonable view or inference therefrom.**

Supreme Court will not disturb judgment in workmen's compensation case based on any legal evidence or any reasonable view or reasonable inference therefrom, and hence will not look to a bill of exceptions to ascertain weight or preponderance of evidence on given material fact.

**2. Master and servant ⚹347—Legislative declaration of presumption of dependency in workmen's compensation cases held constitutional (Code 1923, § 7552).**

The legislative declarations of presumption of dependency under Workmen's Compensation Act, as provided by Code 1923, § 7552, do not offend constitutional provisions.

**3. Master and servant ⚹418(6)—Intervening claimant and child held bound by trial court's finding that deceased contributed to wife's support, there being basic evidence therefor and intervener and child being before court.**

Where, in wife's claim under Workmen's Compensation Act (Code 1923, §§ 7534–7597), a third person intervened claiming to be the wife of decedent and the mother of his minor child, although decedent had not been divorced from claimant, held, that trial court's finding as to deceased husband's contributing to the support of his wife making her a dependent was conclusive on such intervener and her child, since they were before the court and finding was based on substantial evidence.

**4. Master and servant ⚹388—Nature and extent of husband's support may be evidence to confirm or refute character and intent of "in any way" making contribution to wife's support (Code 1923, § 7552).**

Nature and extent of husband's support may be evidence to confirm or refute character and intent, under Code 1923, § 7552, of husband's "in any way" making contributions to his wife; the words "in any way," as used in such statute, referring to the character, intent, and purpose of support by the husband giving, providing, and contributing, and not merely to the nature and extent thereof.

Certiorari to Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Proceeding under the Workmen's Compensation Act by Hattie Jones for the death of Sam Jones, her husband, claimant, opposed by the Woodword Iron Company, employer, in which Annie Jones intervened. A judgment was rendered granting petitioner an award, and the employer applies for certiorari and mandamus. Writ denied and judgment affirmed.

Huey & Welch and W. G. Stone, all of Bessemer, for plaintiff.

The presumption is that the wife was wholly dependent if she was living with the husband at the time of his injury and death. If she was voluntarily living apart from the husband, or came within either of the other alternatives of the statute, proof could be made of actual dependency. Code 1923, § 7552; Ex parte Thomas, 209 Ala. 276, 96 So. 233. "In any way," as used in the statute

(section 7552), refers to the character and not the nature and extent of contributions or gifts by the deceased. In this case the character of gifts or contributions do not fall within the term. Ex parte Thomas, supra; Amer. F. Co. v. Ind. Com., 60 Utah, 131, 206 P. 786; Collwell v. Bedford Co., 73 Ind. App. 344, 126 N. E. 439; 1 Honnold, Work. Comp. 224; New Monckton Cowleirs v. Keelling, 4 British W. C. C. 332. The fact that plaintiff left decedent and returned to her parents, within six months after her marriage, continued to live with her parents, and was supported by them, coupled with occasional visits from deceased and occasional contributions by him, and with the further fact that decedent had remarried and was raising a family and had established a separate home, is conclusive as a matter of law on the question as to plaintiff living apart from him and that he was not in any way contributing to her support. Code 1923, § 7552; Authorities ubi supra. The burden of proof was on plaintiff to show the second marriage was not legal. Ex parte Young, 211 Ala. 508, 101 So. 51. In a compensation case, an injured party has a right to a writ of mandamus to correct errors on the trial, not reviewable on appeal or certiorari. Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836; Ex parte Barnes, 84 Ala. 540, 4 So. 769; Reynolds v. Crook, 95 Ala. 570, 11 So. 412; Ex parte Woodward Iron Co., 211 Ala. 111, 99 So. 649; 18 R. C. L. 301.

Perry, Mims & Green, of Bessemer, for defendant.

The wife is conclusively presumed to be wholly dependent, unless shown to be voluntarily living apart from her husband or that she was not married to him at the time of the accident or for a reasonable period prior thereto, or unless the husband was in no way contributing to her support. Code 1923, § 7552; Ex parte Thomas, 209 Ala. 276, 96 So. 233. The Legislature may declare the presumption of dependency of wife or child on the husband to be conclusive under the circumstances indicated in the act, without offending the Constitution. Ex parte Thomas, supra; Bailey v. State, 158 Ala. 18, 48 So. 498. The Supreme Court will not look to the bill of exceptions to find the weight of the testimony as to any fact found by the trial court, but only to see if there is any evidence or reasonable inferences to support the finding. If on any reasonable view the evidence will support the conclusion reached, the finding will not be disturbed. Ex parte Sloss Co., 207 Ala. 219, 92 So. 458; Ex parte Coleman, 211 Ala. 248, 100 So. 114; Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648; Ex parte Nat. P. & F. Co., 213 Ala. 605, 105 So. 693; Ex parte L. & N., 208 Ala. 216, 94 So. 289; Ex parte De Bardeleben Coal Co., 212 Ala. 533, 103 So. 548; Martin v. Sloss Co., 216 Ala. 500, 113 So. 578.

THOMAS, J. Counsel's argument for appellant for mandamus is not persuasive under the statutory system for review. Section 7571, Code.

[1] It is established that this court will not look to a bill of exceptions to ascertain the weight or preponderance of the evidence on a given material fact under the Workmen's Compensation Act (Code 1923, §§ 7534–7597). If there is any legal evidence on any reasonable view, or reasonable inference therefrom, that supports the facts found and conclusion announced by the court, it is sufficient under the statute, and the judgment rendered will not be disturbed. Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case) 207 Ala. 219, 92 So. 458; Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Thomas, 209 Ala. 276, 96 So. 233; Ex parte Nunnally Co., 209 Ala. 82, 95 So. 343; Ex parte Shaw, 210 Ala. 185, 97 So. 694; Ex parte Coleman, 211 Ala. 248, 100 So. 114; Hardisty v. Woodward Iron Co., 214 Ala. 256, 107 So. 837; Martin v. S. S. & I. Co., 216 Ala. 500, 113 So. 578. When the whole record is considered, the complaint was by Hattie Jones, claiming compensation under the Workmen's Compensation Act as the lawful and dependent wife of the decedent, "from whom petitioner did receive her support." There was complaint by way of intervention on the part of Annie Williams, alias Annie Jones, as such wife and dependent of decedent. There was answer of defendant admitting employment, death, etc., of decedent; denial that intervener was the lawful wife and entitled to compensation, saying:

"It admits that on, to wit, July 2, 1925, at Bessemer, Ala., said Annie Jones and the said Sam Jones went through a marriage ceremony under a license issued from the probate office of Jefferson county, at Bessemer, and defendant avers that the said Sam Jones at said time was incapacitated to enter into a valid contract, for the reason that he had prior to said time been married to the petitioner in this case, Hattie Jones, from whom he had not been divorced. The defendant on information and belief admits that the said James Edward Jones is the child of said decedent, born out of wedlock, prior to the aforesaid marriage ceremony between said decedent and said Annie Jones. Defendant avers that said marriage ceremony did not legitimatize said child, and that this defendant is not liable to said child for compensation. Defendant admits that after the said marriage ceremony between the said Annie Jones and said decedent, they lived together as if they were man and wife, and that they cared for the said child as if said child were their lawful child from the date of said attempted marriage down to the date of said decedent's death. Defendant admits that said deceased did not contribute anything to the said Hattie Jones, and that he did not visit her at her home at Epps, Ala., nor did she visit him at his home at Lipscomb, Ala. Defendant further admits that from the date of said marriage ceremony

at Bessemer, the said decedent acted toward the said Annie Jones and the said child as to a loving and kind wife and child, and spent all his entire income on the upkeep of himself and the said Annie Jones and said child, from the date of said attempted marriage down to his death."

The finding and conclusions of the court, as required by the statute, were to the following effect:

Decedent married Hattie July 12, 1918, at Epps, Ala. They remained on the farm a year or so, the husband working as a "section hand" several years. He went with a "woman named Annie in Bessemer, Ala., to whom a child was born May 10, 1925"; was married to her July 2, 1925, without "divorce, before or since, from the wife Hattie." That decedent "continued to go to see his wife and she came to see him at intervals, and he contributed something to her support until his death, but he was living with Annie, and supporting her and the child at the time of his death and since the child was born. "The court concludes that Hattie Jones was the lawful wife of the deceased at the time of his injury and death, and that he was contributing something to her support, and that she was not voluntarily living away from him; that he was killed in accident arising out of and in course of his employment with defendant, of which defendant had knowledge, and his average weekly earnings were $17.02."

The insistence is that there is error in the finding, as a fact, that said Hattie, at the time of the death of her husband, was not voluntarily living away from him, and that said decedent was contributing to her support within the meaning of the Workmen's Compensation Act. We have indicated that the decree recites the facts found from legal evidence; concludes and finds that Hattie Jones was the lawful wife of decedent "at the time of his injury and death, that he was contributing something to her support, and that she was not voluntarily living away from him."

[2] The Legislature may, within constitutional limitation, declare presumptions of dependency of a wife and child as affecting the husband under the statute now for consideration. The presumptions declared in the Workmen's Compensation Act, section 7552 of the Code, are not offensive to organic law, as construed in Bailey v. State, 158 Ala. 18, 48 So. 498; Id., 219 U. S. 229, 31 S. Ct. 145, 55 L. Ed. 191. Such are the declarations ad-

hered to by that court. And in this jurisdiction as well. Gulf States Steel Co. v. Griffin, 214 Ala. 126, 106 So. 898; Ex parte Thomas, 209 Ala. 276, 96 So. 233; Gulf States Steel Co. v. Witherspoon, 214 Ala. 130, 106 So. 900; Ex parte Central I. & C. Co. (Pennington's Case) 209 Ala. 22, 95 So. 472; Ex parte Jaggers Coal Co., 211 Ala. 11, 99 So. 99; Johnson v. Republic I. & S. Co., 212 Ala. 149, 102 So. 44; Ex parte Gude & Co., 213 Ala. 584, 105 So. 657.

If the burden of proof was upon the original petitioner, Hattie Jones (Fuquay v. State [Ala.] 114 So. 899[1]), to show there was no divorce between the parties, or that the second or attempted ceremonial marriage with Annie Williams, alias Annie Jones, was invalid by reason of the prior marriage and no divorce, the testimony from the several counties indicated was sufficient to show there was no divorce from Hattie. Ex parte Thomas, supra; Ex parte Young, 211 Ala. 508, 101 So. 51.

[3, 4] When all the pleadings are considered, and the findings and decree, and its addition or amendment, are pursuant thereto, it amounts to an adverse disposition of the intervention of Annie Jones and her minor child's claim. The respective parties in interest were duly before the court with jurisdiction of the subject-matter and the persons, and are bound thereby. The effect of the finding of the trial court as to the contributions to Hattie as the wife living in another county was of the character, purpose, and intent of support. In Ex parte Thomas, 209 Ala. 276, 96 So. 233, it is said of the applicable words "in any way" (Gen. Acts 1919, p. 217, § 14, subsec. 1), as applied to support, refer to the character and intent of the purpose of support by the husband giving, providing, and contributing, and not merely to the nature and extent thereof. The latter may be evidence of, or tend to confirm or refute, such character and intent in making contributions under the statute. Code of 1923, § 7552; Ex parte Gude & Co., supra; Gulf States Steel Co. v. Griffin, supra.

The petition is denied and the judgment of the circuit court is affirmed.

Petition denied; affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.

[1] Ante, p. 4.