79 So.2d 26

Mary Belle LUCAS

v.

BLACK DIAMOND COAL MINING COMPANY.

6 Div. 609.

Supreme Court of Alabama.

March 24, 1955.

Parsons, Wheeler & Rose, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.

GOODWYN, Justice.

Certiorari was granted on the petition of Mary Belle Lucas to review the judgment of the Circuit Court of Jefferson County denying her compensation for the death of her husband, Robert Dalton Lucas, in an action brought by her against Black Diamond Coal Mining Company under the Alabama Workmen's Compensation Law, Code 1940, Tit. 26, § 253 et seq., as amended.

The Mining Company, in its answer to the petition in the trial court, admitted that on January 9, 1947, "the said Robert Dalton Lucas and the defendant were subject to the provisions of the Workmen's Compensation Law of Alabama" and that "on said date, the said Robert Dalton Lucas received an injury which arose out of and in the course of his employment, and that said injury resulted" in his death. With respect to Mary Belle Lucas being the widow of Robert Lucas, the Company's answer was as follows: "Prior to January 9, 1947, Robert Dalton Lucas procured a divorce from the plaintiff and subsequently thereto contracted marriage with another woman. The defendant admits that subsequent to the death of Robert Dalton Lucas, the Circuit Judge of Bibb County, Alabama, entered an order annulling the divorce which the said Robert Dalton Lucas procured from the plaintiff. The defendant does not know just what the legal effect of this order is, and, therefore, neither admits nor denies that the plaintiff is the widow of Robert Dalton Lucas but demands strict proof thereof." We do not understand there to be any question now about Mary Belle Lucas being the widow of Robert Lucas. In this connection see Lucas v. Lucas, 252 Ala. 626, 42 So.2d 457, and Lucas v. Lucas, 258 Ala. 515, 64 So.2d 70 (the first case being here on demurrer and the latter on the merits in the proceeding by Mary Belle Lucas to set aside the divorce decree mentioned in the Mining Company's answer, supra).

The disputed issue in the trial court was whether Robert Lucas had "in any way contributed" to the support of Mary Belle Lucas within the twelve months "next preceding the occurrence of the injury causing his death." Bearing on this issue, it is to be noted that Code 1940, Tit. 26, § 280, provides as follows:

"§ 280. Persons presumed wholly dependent.—For the purposes of this article, the following described persons shall be conclusively presumed to be wholly dependent:

"Wife, unless it be shown that she was voluntarily living apart from her husband at the time of his injury or death, or unless it be shown that the husband was not in any way contributing to her support and had not in any way contributed to her support for more than twelve months next preceding the occurrence of the injury causing his death.

"Minor children under the age of eighteen years, and those over eighteen, if physically or mentally incapacitated from earning."

As required by Code 1940, Tit. 26, § 304, the trial judge made a finding of facts, of which the following is a pertinent part:

"There was no contention on the part of defendant, or if there was, there was no evidence to support such contention, that the plaintiff voluntarily lived apart from her husband, and was so doing at the time of his death. We find all jurisdictional facts alleged in the petition to be true either by admission or by proper proof.

"By stretching our judicial conscience, liberally construing the evidence in favor of the plaintiff, we find that Robert Lucas did remit to his wife on or about December 24, 1946, the sum of $75.00 by letter attached and marked exhibit 2 to plaintiff's testimony. We do not undertake to explain the presence of the date on the letter nor the fact that the letter bore a receiving postmark of December 24, 1947, which we find to be a fact, that date being several months after Robert Lucas died. We further find that no other remittance was ever made by Lucas to his wife, the plaintiff, after 1940.

"The plaintiff testified in the case at bar that her husband came to see her on occasions all along from 1940 to the year of his death. She included a visit from him in 1943 to get her consent not to contest a divorce. But she also admits that she testified in the trial of the suit to review the divorce proceedings, a bill in the nature of a bill of review, that she had not seen him since 1940. We can't reconcile this conflicting testimony. She probably adapted her evidence to meet the issue of the respective suits.

"The letter marked exhibit 1. We fail to see any probative effect of this letter. It seems from this letter that he had gone to Selma, Alabama, in search of work, but he added one significant statement in the last paragraph on the last page: 'PO if * * * don't get work here will go by to see my mother and then go some where else.' The evidence shows that his mother died in 1936 or 1937; therefore, this letter was written prior to that time. At that time he was evidently pleased and happy with the plaintiff contrary to his feelings when in 1943 he attempted to obtain a divorce.

"The evidence on the part of plaintiff that Robert Lucas sent her sums of money by mail from time to time prior to December 24, 1946, when she received the $75.00, is very indefinite, vague and uncertain. This testimony seems to be contrary to common sense and human nature and we cannot accord judicial verity to it. Lucas married or attempted to marry Miss Josie in 1943 and lived with her until the latter part of October, 1946. Being unable to reconcile the conflict of statements on the part of plaintiff, one made in the suit to vacate the decree that she had not seen him since 1940, and the other made in this suit that she did see him from time to time, we will rule out of consideration this part of her evidence, thus leaving this case without any evidence that plaintiff saw Lucas after 1940. Therefore, was it reasonable, or may we say, is it reasonable to assume that Lucas during his residence with his second wife, maintained any interest in the first wife? Would he under such circumstances send her any money for her support and maintenance? Would not it be natural during such society with his second wife to ignore his first wife, especially when he was a person of limited income and this second wife being close to 50 years of age—she testified that she was 52 at the time of this present trial.

"The only reason we are willing to find as a fact that he sent $75.00 in December, 1946, is because at that time he and his second wife had separated and it is reasonable by stretching some to hold that possibly he wanted to reclaim the affection of wife No. 1 and thought that a remittance of $75.00 would get her attention and invite a reconciliation. However, we contrue [sic] this remittance to have been a gift rather than a contribution to the support of his wife—the plaintiff."

It may be, as argued by appellee, that the trial judge might well have found from the evidence that the claimed $75 remittance was not in fact made within the twelve months next preceding the occurrence of the injury causing Robert Lucas' death; but, having found that it was made, and there being some evidence to support such finding, the question which we have to decide is whether there is *any evidence,* or *any reasonable inference from evidence,* to support the finding that said remittance was a gift and not a contribution to the wife's support.

■ The rule of review in a compensation case, which comes here on certiorari, Code 1940, Tit. 26, § 304, supra, is so well established as to be axiomatic: This court will not look to the evidence to ascertain the weight or preponderance thereof as to any fact found by the trial court, but simply to see if there is any evidence, or reasonable inference from evidence, to support the facts found by the trial court. If, on any reasonable view of the evidence, it will support the conclusion reached by the trial court, the finding and judgment will not be disturbed. To state the rule another way:

—Where there is any legal evidence, or reasonable inference from legal evidence, to support the finding of facts of the trial court, such finding is conclusive, and the judgment rendered thereon will not be disturbed. Baggett Transp. Co. v. Holderfield, 260 Ala. 56, 59, 68 So.2d 21; Bass v. Cowikee Mills, 259 Ala. 391, 393, 67 So.2d 12; Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 678, 32 So.2d 666; Houser v. Young, 247 Ala. 562, 563, 25 So.2d 421; Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 478, 3 So.2d 46; Alabama By-Products Corporation v. Winters, 234 Ala. 566, 568, 176 So. 183; Woodward Iron Co. v. Jones, 217 Ala. 361, 362, 116 So. 425; Benoit Coal Mining Co. v. Moore, 215 Ala. 220, 222, 109 So. 878; Ex parte Little Cahaba Coal Co., 213 Ala. 596, 598, 105 So. 648; Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 221, 92 So. 458.

▮ It is our view, after full and careful consideration of the evidence, that the finding with respect to the $75 remittance being a gift is supported by a reasonable inference from the evidence and that, therefore, in the light of the stated rule of review, the finding and judgment of the trial court should not be disturbed by us. We see no need to detail the evidence. Suffice it to say that the long period of separation, though involuntary on the part of the wife as found by the trial court, without other contribution to the wife during the separation, when considered in connection with all the evidence, justifies the inference, we think, that the single $75 remittance at Christmas-tide was, as found by the trial court, a gift to the wife.

▮ What was said in Ex parte Thomas, 209 Ala. 276, 277, 96 So. 233, 234, is applicable here, viz.:

"The contention of plaintiff is that the statute makes the wife conclusively dependent upon her husband, and, even if it is not so, the phrase contained in the statute (Gen. Acts 1919, p. 217, § 14) [Code 1940, Tit. 26, § 280] that the wife is conclusively presumed wholly dependent, 'unless it be shown that the husband was not in any way contributing to her support,' was susceptible of the reasonable interpretation 'that the slightest contribution on the part of the husband fixes' the right of such wife to compensation under the statute; that is to say, that the wife had the right to compel the husband to contribute to her support, and that, by reason thereof, under the Alabama statute she had a right to enforce against the employer this right, which existed against the husband during his life.

"The concluding provision of subsection (a), § 14, supra, that the husband 'was not *in any way* contributing to her support,' must be given a liberal yet reasonable interpretation under the letter and spirit of the act, having regard for the history of the act and the purpose sought to be conserved by the general enactment therein and specific provisions thereof. (Italics supplied.) When so construed, the words 'in any way' must refer to the *character* and not to the *nature* and *extent* of the support contributed by the husband. * * *

"The trial judge observes of this that, if it be granted that the deceased gave money to the wife on the occasions testified by her, yet the circumstances of the 'few occasions' upon which money was given by him 'conclusively show that such gifts were purely gifts and not by way of contribution to her support, and that she never recognized his obligations to support her, never made any demands upon him for support, nor attempted in any way to enforce her rights.'"

See, also, Woodward Iron Co. v. Jones, 217 Ala. 361, 363, 116 So. 425.

▮ We take note of petitioner's insistence that "*substantial* evidence is required to support a conclusion of non-dependency" and that there is no *substantial* evidence supporting the finding that Robert Lucas "had not in any way contributed" to the support of Mary Belle Lucas "for more than 12 months preceding the occurrence of the injury causing his death". In support of

this, petitioner cites the case of Gulf States Steel Co. v. Griffin, 214 Ala. 126, 127, 106 So. 898, 899, where it is said: "A finding as to dependency, or the lack thereof, is conclusive on review, if there is any substantial evidence to support the conclusion announced." On first reading, this appears to lend, at least by implication, a measure of support to petitioner's insistence that to be conclusive on review a finding of dependency vel non *must* be supported by substantial evidence. But that is not what the statement says. Rather, it simply says that *if* there is any substantial evidence to support the trial court's findings, such findings are conclusive on review. That is certainly true, since it is clearly within the approved rule that the findings are conclusive if there is *any* evidence to support them. If *any* evidence will render the findings conclusive, then, of course, any *substantial* evidence will suffice for that purpose.

From what we have said it follows that the judgment of the trial court is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.