This is a workmen's compensation case.
Claimant Ruby Couch, age forty-four, was employed by Alatex, Inc., a textile manufacturer in Andalusia, Alabama, from 1967 to January 22, 1980. She was assigned *Page 1256 
to the laundry department where her primary responsibility was folding shirts. During the course of her employment with Alatex, she developed breathing problems, which eventually led to her leaving her job. Her breathing difficulties first became apparent sometime in 1970.
Employer, Alatex, first received notice of claimant's respiratory problems on June 8, 1979. It was in 1979 when claimant was examined by Drs. Bradley and Mehta that exposure to the factory environment was first considered a possible cause of claimant's condition. She was instructed to discontinue work at Alatex by Dr. Vyas.
Though employer's insurance carrier sent claimant to New Orleans for medical testing in October 1982, she has received no other compensation or medical assistance from employer or its insurer.
In June 1980 claimant filed suit in the Circuit Court of Covington County against Alatex, claiming entitlement to benefits under Alabama's Workmen's Compensation Act. After trial in September 1983, the trial court entered judgment in favor of claimant, awarding her disability benefits. Finding that claimant's average weekly wage on January 22, 1980, was $123.69, that her weekly compensable rate for total disability was $89.88[1] and that 190 weeks had elapsed since claimant's injury, the court awarded her a total of $17,077.20, and further held that claimant was entitled to recover those weekly payments as long as her permanent disability continues.
Additionally, the court held that employer was liable to claimant for $1,358.72 for medical expenses arising from treatment of her infirmity while employed by Alatex. The trial court denied employer's motion to set aside the judgment and grant a new trial. Employer appeals.
The issue on appeal is whether there is any legal evidence to support the trial court's decision. Employer argues that the evidence of record fails to satisfy claimant's burden to isolate and identify the occupational risk or hazard peculiar to her employer's industry, which proximately caused her respiratory problems within the requirements and meaning of an "occupational disease" under § 25-5-110, Code of Alabama 1975.
The trial court found that claimant, over a period of time, while employed by Alatex, developed industrial asthma, which is an occupational disease resulting from frequent contact with chemicals and materials in employer's factory and which is a hazard exceeding that ordinarily incident to employment in general and is peculiar to the occupation in which claimant was engaged. Moreover, the court found that claimant's asthma had progressed to the extent she could no longer remain employed, and from the medical evidence and the court's observation of claimant's condition at trial, that claimant was totally and permanently injured as a result of industrial asthma, contracted and arising out of and in the course of her employment.
In reviewing workmen's compensation cases, appellate courts do not look to the weight or preponderance of the evidence on a material fact under the Workmen's Compensation Act, WoodwardIron Co. v. Jones, 217 Ala. 361, 116 So. 425 (1928), but rather will look to see if there is any legal evidence or reasonable inference therefrom to support the trial court's findings of fact, and if there is, such findings will not be disturbed on appeal. Dan River Mills, Inc. v. Foshee, 365 So.2d 1232
(Ala.Civ.App. 1979).
As in all workmen's compensation cases, the burden rests upon the employee-claimant to establish to the reasonable satisfaction of the trial court that her disease was peculiar to the industry and that it arose out of and in the course of her employment. Dan River Mills, Inc. v. Foshee, supra. The claimant must establish a definite causal connection between her employment and her alleged occupational disease. *Page 1257 Slimfold Manufacturing Co. v. Martin, 417 So.2d 199
(Ala.Civ.App. 1981), writ quashed, 417 So.2d 203 (Ala. 1982).
To fall within the definitional parameters of § 25-5-110, Code of Alabama 1975, which deals with compensation for occupational disease, it must be shown that it was caused or aggravated by the nature of the employment. See, ChryslerCorporation v. Henley, 400 So.2d 412 (Ala.Civ.App. 1981). To be deemed "occupational," a disease must result from hazards recognized as peculiar to the normal working conditions of the employee's particular occupation. City of Tuscaloosa v. Howard,55 Ala. App. 701, 318 So.2d 729 (1975). "Peculiar to the occupation" means that: "`[T]he conditions of [the] employment must result in a hazard which distinguishes it in character from the general run of occupations.'" Young v. City ofHuntsville, 342 So.2d 918, 922 (Ala.Civ.App.), cert. denied,342 So.2d 924 (Ala. 1977).
Employer Alatex contends that the evidence does not support a finding that claimant met her requisite burden of proof. Employer argues that the only evidence or inference that could possibly support claimant's allegation was testimony of Dr. Mehta. Alatex claims that the medical file of Dr. Bradley was incorporated and attached to Dr. Mehta's deposition as an exhibit thereto and that such conclusions of Dr. Bradley were not admissible merely by attachment to Dr. Mehta's deposition.
Even assuming arguendo that Alatex is correct and the conclusions of Dr. Bradley were improperly admitted, other properly admitted evidence is present to support the trial court's decision. Dr. Mehta testified in deposition that in addition to Dr. Bradley's tests his impression was based "on the history [of claimant], the way I have followed her and the things that I have done to her and the testing by me." He further testified that his opinion was based on his own treatment and evaluation of claimant as well as Dr. Bradley's. Dr. Mehta, a specialist in pediatrics with a special interest in allergies, who has worked with allergists and continues to practice in this area, testified that he had seen and treated claimant on many occasions from June 1980 to March 1982, when he moved away. In his opinion, claimant was suffering from industrial asthma, developed over a period of several years from direct exposure to fibers and plant dust in the department where she worked at Alatex. Moreover, Dr. Salvaggio of Tulane Medical Center, in a written report, opined that claimant "probably has occupational asthma and at this time the best bet is that it is due to some type of dust or dust mite directly connected with her job as a shirt-folder, caser and cardboard box assembler."
Thus, even conceding, without actually so ruling, that the exhibits pertaining to Dr. Bradley's treatment of claimant were not properly admissible, there was other legal evidence in Dr. Mehta's own examination, treatment and evaluation, and in Dr. Salvaggio's testimony, to support the trial court's decision. Where there is other legal evidence to support the court's finding, technical questions regarding the admissibility of evidence will not be considered on appeal. West PointManufacturing Company v. Bennett, 263 Ala. 571, 83 So.2d 303
(1955).
In addition to such medical testimony, the trial court had an opportunity to observe and evaluate claimant's demeanor and physical condition firsthand. We find that there was legal evidence to support the court's verdict and therefore we must affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] Judgment was later amended to reflect that claimant's weekly compensable rate for total disability was $82.45 rather than $89.88. *Page 1258